*280 OPINION OF THE COURT
Allan L. Winick, J.
Plaintiff claiming authority seeks an order confirming the order of attachment granted on June 21, 1985 and modified by supplemental order of attachment signed on June 25, 1985.
The claiming authority has established to the court’s satisfaction that there is a substantial probability that it will prevail on the issue of forfeiture. The defendants, it is alleged, operated a drug business out of an office paid for in cash each month. A secretary took orders for drugs over the telephone and quoted prices to prospective customers. The inventory of the office revealed items common to any office, to wit: desks, chairs, telephone, paper, pens, etc., as well as items commonly used in drug trafficking, to wit: zip-lock plastic bags in large quantities and assorted sizes, a box of straws and a box of single-edge razor blades and records listing names, dollar amounts and fractions (presumably indicating quantities of cocaine). In addition, the police monitored several "buys” by a confidential informant yielding $2,975 worth of cocaine and involving both defendants. This, and the additional evidence set forth in the claiming authority’s affirmation, including the declarations against penal interests attributed to both defendants, proves by clear and convincing evidence that the defendants individually and in concert committed preconviction forfeiture crimes (CPLR 1311 [1] [b]).
The plaintiff further established the amount of the forfeiture by a simple mathematical formula giving the defendants the benefit of assuming sales of the smallest quantity and sales resulting only from telephone calls. The computation is reasonable, if not exact.
Due to the clandestine nature of the illicit drug business and sketchy record keeping (at best) calculations of the extent of the proceeds must be based on evidence and afforded any reasonable inferences. This court finds the claiming authority’s comparison to proof of damages in antitrust matters persuasive, and the theories of establishing damages applicable herein. The amount of proceeds (i.e., damages) may not be determined by mere speculation or guesswork even where the defendant, by his own wrong, has prevented a more precise computation of the damages. A just and reasonable estimate of proceeds may, however, be based on relevant data, relying on probable and inferential, as well as upon direct and positive proof. (Bigelow v RKO Radio Pictures, 327 US 251 [1946]; accord, Story Parchment Co. v Paterson Co., 282 US 555 [1931]; Eastman Co. v Southern Photo Co., 273 US 359 [1927].)
*281 Given the nature of the charges faced by the defendants and defendant Secular’s apparent disregard for the attachment, the failure to enter the order may result in the property being unavailable for forfeiture. (CPLR 1312 [3] [a].) The defendants must be prevented from transferring their property to preserve its availability for forfeiture should a judgment result. (District Attorney of Queens County v McAuliffe, 129 Misc 2d 416 [Sup Ct, Queens County 1985].)
The court is not persuaded however of the need to continue the levy against the 1984 Toyota Supra registered to Lolanda Losicco, the defendant’s mother. Mrs. Losicco is not a party to this action. The claiming authority has not shown by a preponderance of the evidence the facts necessary to establish a claim for forfeiture on the basis that the noncriminal defendant either (a) knew that the property sold or exchanged to obtain an interest in the substituted proceeds was obtained through the commission of a crime or (b) fraudulently obtained her interest in the substituted proceeds to avoid forfeiture. (CPLR 1311 [3] [b] [in].)
The only basis for forfeiture of the Toyota is the defendant Losicco’s statement that the vehicle was his. All other indicia of ownership lies in Mrs. Losicco. This court does not have jurisdiction over Mrs. Losicco nor her car.
Therefore, the claiming authority’s motion for an order confirming the attachment is granted except that portion relating to the 1984 Toyota. The portion of the order of attachment relating to a 1984 Toyota Supra registered to Lolanda Losicco, New York registration No. 3349 RJN, is vacated and that vehicle shall be returned to Lolanda Losicco. The claiming authority is directed to make the necessary arrangements for the return of the Toyota to Mrs. Losicco forthwith. (CPLR 1331.)