■ ROBERT M. MORGENTHAU, as District Attorney of the County of New York, Respondent-Appellant, v CITISOURCE, INC., et al., Appellants-Respondents, et al., Defendants.—Order, Supreme Court, New York County (Martin Stecher, J.), entered May 20, 1986, which, *inter alia,* denied the cross motion of the defendants-appellants to vacate ex parte attachments and granted plaintiff's motion to confirm the ex parte attachments in the sums of $795,759.34 against Citisource, Inc., $276,963.64 against Stanley Friedman, and $5,100 against Marvin B. Kaplan, and further issued an injunction restraining Marvin B. Kaplan from disposing of a $400,000 fund in a retirement trust account and appointed a temporary receiver for Citisource, Inc., modified, on the law, without costs, to vacate the attachments against Friedman and Kaplan and the injunction with respect to the retirement trust account, and the matter remanded for further proceedings in accordance herewith.

The cross appeal from so much of the order as limited the attachment of the Friedman assets to $276,963.64 instead of $413,551.31 is dismissed, without costs, as moot.

This is a civil action to enforce provisional remedies, pursuant to CPLR article 13-A, with respect to forfeiture of the proceeds of an alleged crime. It is akin to a similar RICO provision. *(See,* Note, *Due Process in Preliminary Proceedings Under RICO and CCE,* 93 Colum L Rev 2068, 2074 [Dec. 1983].) It provides (CPLR 1312 [3]) for sequestration if: "(a) there is a substantial probability that the claiming authority will prevail on the issue of forfeiture and that failure to enter the order may result in the property being destroyed, removed from the jurisdiction of the court, or otherwise be unavailable for forfeiture; and (b) the need to preserve the availability of the property through the entry of the requested order outweighs the hardship on any party against whom the order may operate."

The People argue that criminality is all but established. In some circumstances (not necessarily here), this could be a self-fulfilling prophecy if you deprive a defendant of assets for payment of counsel and subsistence.

"A statute should be construed, if possible, to uphold its constitutionality." (McKinney's Cons Laws of NY, Book 1, Statutes § 150 [c]; *see, Califano v Yamasaki,* 442 US 682, 693.)

At this stage, the defendants have only been indicted (CPLR 1311 [1] [a]), not convicted. While "the proceeds of a crime, the substituted proceeds of a crime or an instrumentality of a

crime" (CPLR 1311 [1]) may be attached, there is no warrant for escrowing assets of a defendant not yet found criminal. Defendant Citisource, Inc., may be considered an instrumentality of a crime. It appears, as was said by Judge Stecher in his opinion at the I.A.S. Part: "There is no dispute that except for about $21,000 paid to Friedman, allegedly for legal services rendered, and approximately $8,000 paid to Kaplan, that the claiming authority has demonstrated no connection between the personal estates of either of these defendants and the alleged crimes."

We modify to vacate their attachments and to remand for a hearing to determine, with respect to Friedman and Kaplan, the proceeds or substituted proceeds of the crime with which they are charged.

We vacate the injunction with respect to the retirement trust account. While there is a serious question as to whether, in any event, such account could be sequestered *(see, with respect to ERISA, Ellis Natl. Bank v Irving Trust Co.,* 786 F2d 466 [2d Cir 1986]), there is no contention that this trust account had any connection with the alleged crime.

The cross appeal is to increase the attachment because of an error in the initial determination of the amount frozen at a bank. It was over $135,000 more than initially reported. In view of our conclusion, this aspect is moot. Concur—Kupferman, J. P., Fein, Rosenberger and Wallach, JJ.

Sandler, J., dissents in a memorandum as follows: I would affirm for the reasons set forth in Judge Stecher's comprehensive, thoughtful and persuasively reasoned opinion.

In my opinion, this court's majority decision interprets CPLR article 13A as withholding from the plaintiff (the appropriate "claiming authority" under the relevant statute) the provisional remedy that the applicable section of the statute (CPLR 1311 [1] [a]) was drafted with painstaking care to make available precisely under the kind of circumstances presented in this case.

It is true that the several defendants are not at this stage of the proceedings criminal defendants, the term "criminal defendant" being defined in the definitional section (CPLR 1310 [9] [a]) as someone, as here relevant, "convicted of a post-conviction forfeiture crime". And it is also true that CPLR 1311 (1), entitled "Forfeiture actions", permits a civil action against a criminal defendant to recover "a money judgment in an amount equivalent in value to the property which constitutes the proceeds of a crime", and does not authorize such a

judgment in an action against a noncriminal defendant, defined as a person, other than a criminal defendant, who, *inter alia,* "possesses an interest in the proceeds of a crime". (CPLR 1310 [10].)

Contrary to the assumption underlying the majority opinion, it simply does not follow from the foregoing that the claiming authority may not, prior to conviction of a defendant, commence an action against a person charged with a crime, and the subject of a timely indictment, seeking a postconviction judgment in which a money judgment is authorized. And it also does not follow that in such an action the claiming authority may not, upon an appropriate showing, secure a provisional remedy intended to avoid the dissipation of assets that could be recovered pursuant to such a judgment. That precise situation—the very one presented in this case—is addressed squarely, in detail, and with exemplary clarity in CPLR 1311 (1) (a).

That paragraph, captioned "Actions relating to post-conviction forfeiture crimes", opens with the statement, as here relevant, "An action relating to a post-conviction forfeiture crime must be grounded upon a conviction of a felony * * * or upon criminal activity arising from a common scheme or plan of which such a conviction is a part". In the two following sentences, crucial to the issue presented, the paragraph goes on to say: "A court may not grant forfeiture until such conviction has occurred. However, an action may be commenced, and a court may grant a provisional remedy provided under this article, prior to such conviction having occurred."

The word "action" in the second of the two above-quoted sentences clearly refers to an action "relating to post-conviction forfeiture crimes"—an action in which a money judgment may be obtained. The words "provisional remedy provided under this article", appearing in the very same sentence, clearly embrace provisional remedies appropriate to the judgment that may be sought in such an action. It distorts hopelessly the obvious meaning of the language to construe "provisional remedy" in this paragraph as limited to the relief available upon the successful conclusion of an action other than one "relating to post-conviction forfeiture crimes", which is the exclusive subject of the section.

The remaining sentences of this paragraph confirm that it has nothing whatever to do with an action against noncriminal defendants, and that it is concerned solely with "[a]ctions relating to post-conviction forfeiture crimes." Thus, the paragraph goes on to provide that "[a]n action under this para-

graph must be dismissed at any time after sixty days of the commencement of the action unless", as here pertinent, "an indictment * * * upon which the asserted conviction is to be based is pending in a superior court." The paragraph concludes with the following language that seems to me to leave very little room for doubt: "An action under this paragraph shall be stayed during the pendency of a criminal action which is related to it; provided, however, that such stay shall not prevent the granting or continuance of any provisional remedy provided under this article".

The action with which we are concerned is obviously one "relating to post-conviction forfeiture crimes" brought, as authorized by the paragraph, prior to a conviction having occurred, as to which a provisional remedy is authorized that is intended to prevent the dissipation of assets that would be subject to the judgment that may be entered in such an action.

CPLR 1312, captioned "Provisional remedies; generally", goes on to provide in subdivision (3): "A court may grant an application for a provisional remedy when it determines that: (a) there is a substantial probability that the claiming authority will prevail on the issue of forfeiture and that failure to enter the order may result in the property being destroyed, removed from the jurisdiction of the court, or otherwise be unavailable for forfeiture; and (b) the need to preserve the availability of the property through the entry of the requested order outweighs the hardship on any party against whom the order may operate."

Apparently for tactical reasons, the individual defendants have not put in issue the requirement in paragraph (a) that "there is a substantial probability that the claiming authority will prevail on the issue of forfeiture". As to the remaining requirement under paragraph (a), the record provides an adequate basis for Special Term's determination. As to paragraph (b), Special Term carefully balanced the interests that it was required to balance under that paragraph, and I see no basis for finding that Special Term's determination was an abuse of discretion.

Undeniably, the article with which we are concerned is a departure from traditional concepts and, in an apparent effort to protect the claims of victims of crimes, makes available against persons charged with crime remedies, prior to conviction, that have a capacity to be abused in ways that may be oppressive in individual situations, and that demand close

judicial scrutiny. In our judicial capacity, we are, of course, not concerned with the wisdom of legislation and with whether the Legislature has properly balanced the competing interests, unless the statute violates constitutional rights on its face or as applied in a particular situation.

The issue of constitutionality was raised only peripherally by the defendants in their appellate presentation. To the extent to which the issue may be said to have been raised, I see no persuasive support for any contention that the relevant sections are unconstitutional on their face or as here applied.

Looked at without regard to the distasteful associations historically connected with the word "forfeiture", it seems clearly right in principle that the victim of a crime should be entitled to a judgment against the wrongdoer to the extent of the loss sustained by the victim, whether or not the particular proceeds of the crime can be specifically traced. It would seem to me also reasonable in principle, and free from any inherent constitutional infirmity, that upon an appropriate showing the victim of a crime, represented by an authorized claiming authority, is entitled to provisional relief to ensure that any ultimate judgment entered is a meaningful one.

Undeniably, a disquieting issue would be raised, and arguably one of constitutional dimensions, if a provisional remedy were granted in advance of conviction that impaired the capacity of a defendant in a criminal case to defend himself, or that inflicted excessive hardship on him and his family. In this case, Special Term carefully considered the evidence relating to such concerns and concluded that the provisional remedy he ordered would not have such consequences. On this record I see no basis for the conclusion that Special Term did not appropriately exercise its discretion.

Accordingly, the order of the Supreme Court, New York County (Martin B. Stecher, J.) dated May 20, 1986, confirming orders of attachment on certain of defendants' assets, enjoining defendant Kaplan from removing $400,000 from a trust fund, appointing a receiver to take charge of the defendant Citisource, and denying the defendants' cross motion to vacate the orders of attachment, should be affirmed. (Order entered June 24, 1986.)