OPINION OF THE COURT
Gerard E. Delaney, J.
This is an action pursuant to CPLR article 13-A for a declaration of forfeiture of the proceeds of a crime. Prior to commencement of the action, the criminal defendants herein were charged by indictment with various counts of grand larceny, offering false instruments for filing, falsifying business records and forgery in connection with an alleged scheme of overbilling Medicaid for orthopedic shoes and molds. The plaintiff seeks forfeiture of $1,357,106 plus costs.
Plaintiff has moved by order to show cause for (1) an order of attachment against the individual properties of criminal defendants, Kenneth J. Silverman, Natural Mold Shoe Corporation, KJS Traveling Shoe Corporation and Irene Silverman, and any properties over which these individual defendants exercise control, including but not limited to certain real property; for an order of attachment against the individual properties of non-criminal defendants, K & R Shoe Corporation, Jack Silverman and Comfit Shoe Corporation, and (2) upon the granting of such orders of attachment, for an order requiring disclosure by all criminal defendants, non-criminal defendants and respondent of information regarding any property in which the defendants have or may have an interest and, in particular, any information concerning any financial transactions between and among the respondents and defendants during the past year.
A temporary restraining order was issued restraining all the criminal and non-criminal defendants from transferring, selling, assigning, encumbering or otherwise disposing of their individual assets or things of value, except assets used in the ordinary course of business and for the necessities of daily and ordinary living; restraining Joan Silverman, respondent, from transferring, selling, assigning, encumbering or otherwise disposing of the property located at 126 Carthage Road, Scars-dale, New York; and restraining all persons with knowledge of the contents of the order from transferring any property, if any, of the defendants.
*491 Defendants, Kenneth Silverman and Irene Silverman, have opposed plaintiffs motion for an order of attachment and have cross-moved in separate applications to vacate and/or modify the temporary restraining order. Defendants, Natural Mold Shoe Corporation (hereinafter Natural Mold) and KJS Traveling Shoe Corporation (hereinafter KJS), and respondent, Richard Rosen, have also opposed plaintiffs application.
Defendant, Jack Silverman, has moved by order to show cause for an order permitting him to appear in opposition to the application for attachment and to file opposing papers. No prejudice having been demonstrated by plaintiff, Jack Silver-man’s application is granted and the court has considered his opposing papers.
Subsequent to the submission of the plaintiffs order to show cause, the criminal defendants, Natural Mold, KJS and Kenneth J. Silverman, entered conditional pleas of guilty to all counts in which they were charged and criminal defendant, Irene Silverman, entered a plea of guilty to the attempted offering of a false instrument for filing, Kenneth Silverman to tender at least $300,000 as restitution on or before July 30, 1986. Kenneth Silverman executed an affidavit of confession of judgment in favor of the State of New York, in the amount of $1,000,000 to be held in escrow by the court pending final acceptance of the guilty plea and the imposition of sentence. The pleas have now been accepted and sentence imposed.
The temporary restraining order as to the property known as 38 Stratton Road, New Rochelle, New York, was subsequently vacated upon the condition that the said property be sold and conveyed for the sum of at least $300,000 over existing liens and mortgages affecting the property, and expenses of the sale, the sum of $300,000 to be delivered to the Deputy Attorney-General for Medicaid Fraud Control on behalf of said Kenneth Silverman as restitution (Donovan, J.; July 28, 1986). The house was subsequently sold and the proceeds applied as restitution.
The purpose of article 13-A is to permit plaintiff claiming authority to bring civil forfeiture actions to recover real property, personal property, money, negotiable instruments, securities or other items of value which constitute the proceeds of the crime and in effect "take the profit out of crime”. (Governor’s approval mem, 1984 McKinney’s Session Laws of NY, at 3628.)
An action commenced under article 13-A "shall be civil, *492 remedial and in personam in nature and shall not be deemed to be a penalty or criminal forfeiture for any purpose”. (CPLR 1311 [1].)
The crimes upon which this action is based are "post-conviction” crimes. (CPLR 1310 [5].) While a forfeiture judgment cannot be obtained prior to the conviction, the action may be commenced and the court may grant a provisional remedy prior to conviction (CPLR 1311 [1] [a].) The civil action is stayed during the pendency of the criminal action but the stay does not prevent the granting or continuance of a provisional remedy. (CPLR 1311 [1] [a].)
"A court may grant an application for a provisional remedy when it determines that: (a) there is a substantial probability that the claiming authority will prevail on the issue of forfeiture and that failure to enter the order may result in the property being destroyed, removed from the jurisdiction of the court, or otherwise be unavailable for forfeiture; and (b) the need to preserve the availability of the property through the entry of the requested order outweighs the hardship on any party against whom the order may operate.” (CPLR 1312 [3].)
In order to obtain attachment, plaintiff must prove a prima facie case. (Holtzman v Samuel, 130 Misc 2d 976, 981.)
The plaintiff herein seeks attachment of the individual properties of all of the criminal defendants as well as attachment of individual properties of the non-criminal defendants.
Upon review of all the papers, it is the determination of the court that the plaintiff has met its burden of showing that it is entitled to attach the assets of criminal defendants, Kenneth Silverman, Natural Mold and KJS, but has not met its burden as to the non-criminal defendants and the criminal defendant, Irene Silverman.
SUBSTANTIAL PROBABILITY THAT THE CLAIMING AUTHORITY WILL PREVAIL ON THE ISSUE OF FORFEITURE
An article 13-A action may be commenced to recover the proceeds of "post-conviction forfeiture crimes” and "pre-conviction forfeiture crimes”. A post-conviction forfeiture crime is defined as "any felony defined in the penal law or any other chapter of the consolidated laws of the state”. (CPLR 1310 [5].) "Pre-conviction forfeiture crimes” are certain drug-related felonies not at issue here. A "criminal defendant” is defined as a person who has criminal liability for a post-conviction *493 forfeiture crime or a pre-conviction forfeiture crime (CPLR 1310 [9]). A person has criminal liability for a post-conviction forfeiture crime when he has been convicted of a post-conviction forfeiture crime. (CPLR 1310 [9].)
In a forfeiture action commenced against a criminal defendant where the action is grounded upon a post-conviction forfeiture crime, the burden is upon the claiming authority to prove by a preponderance of the evidence the facts necessary to establish a claim for forfeiture. (CPLR 1311 [3] [a].)
Criminal defendants, Kenneth Silverman, Natural Mold and KJS, subsequent to the making of this application, have entered guilty pleas to felonies and the fact of the conviction is sufficient to sustain the plaintiff’s burden of proof as to these defendants.
Irene Silverman has entered a guilty plea to the charge of attempted offering of a false instrument for filing in the second degree, which is a misdemeanor. Since a misdemeanor is not by definition a crime covered by the statute, she is not subject to liability and her property may not be attached.
As to the non-criminal defendants, the plaintiff must additionally prove by a preponderance of the evidence that (1) if the action relates to the proceeds of a crime, "that the noncriminal defendant either (A) knew or should have known that the proceeds were obtained through the commission of a crime, or (B) fraudulently obtained his or her interest in the proceeds”; (2) if the action relates to the substituted proceeds of the crime, "that the non-criminal defendant either (A) knew that the property sold or exchanged to obtain an interest in the substituted proceeds was obtained through the commission of a crime, or (B) fraudulently obtained his or her interest in the substituted proceeds to avoid forfeiture” or (3) if the action relates to an instrumentality of the crime, "that the non-criminal defendant either (A) knew that the instrumentality was or would be used in the commission of a crime or (B) knowingly obtained his or her interest in the instrumentality to avoid forfeiture.” (CPLR 1311 [3] [b] [ii]-[iv].)
Plaintiff has not met its burden of proof with respect to any of the non-criminal defendants. As to Jack Silverman, it is not clear to the court that he was in fact a principal of the corporate criminal defendant and even if in fact he was, the plaintiff has not met the requirements that he knew that any proceeds were obtained through the commission of a crime or that he fraudulently obtained any such proceeds.
*494 As to K & R, plaintiff has alleged that overbilling existed but has not shown that K & R in fact submitted the claims, participated in the submission of forged or false claims, or knew of the alleged fraud. It is not clear at what point the alleged alterations to bills or to prescriptions were made, i.e., whether they were made by K & R or Natural Mold.
As to Comfit, plaintiff has not submitted any facts at all.
SUBSTANTIAL PROBABILITY THAT THE FAILURE TO ENTER THE ORDER MAY RESULT IN THE PROPERTY BEING DESTROYED, REMOVED FROM THE JURISDICTION OF THE COURT OR OTHERWISE BE UNAVAILABLE FOR FORFEITURE
"An actual assignment or dissipation of the property is not necessary.” (Holtzman v Samuel, 130 Misc 2d 976, 983, supra.) A high degree of proof is not necessary to demonstrate that the failure to enter the order may result in the property being destroyed, removed or otherwise unavailable for forfeiture. (Morgenthau v Citisource, Inc., NYLJ, May 5, 1986, p 13, col 3, mod 121 AD2d 353.)
Given the nature of the crimes to which the defendants have now pleaded guilty, the bankruptcy and subsequent sale of Tru-Form, Inc., an unnamed but related corporate entity, the alleged liquidation of KJS, which fact is not controverted, the withdrawal of bank funds by Irene Silverman subsequent to the temporary restraining order, the apparent admissions by the criminal defendants of significant transfers of assets, not denied by the defendants, and apparent commingling of corporate assets, the court is concerned that there may be no assets available to satisfy any judgment that may be obtained in this action. A person who is subject to forfeiture is not highly motivated to preserve his assets for the benefit of the claiming authority. (Mogenthau v Citisource, Inc., supra, p 13, col 3.)
NEED TO PRESERVE THE AVAILABILITY OF THE PROPERTY OUTWEIGHS THE HARDSHIP ON ANY PARTY
If in fact the plaintiff prevails in its claims, it will be entitled to a substantial judgment of over $1.5 million. The State has a very substantial interest in preserving defendants’ assets for satisfaction of a judgment.
As to the effect of attachment on the corporate creditors *495 and employees, the plaintiff has indicated that the businesses shall be permitted to continue its operations. A receiver may be appointed upon the application of any party.
Kenneth Silverman’s interest in the house at 126 Carthage Road, Scarsdale, New York, was transferred to his wife, Joan Silverman, on November 25, 1985, and the parties entered into a memorandum of legal separation at around the same time. Although the plaintiff seeks to attach the house on the basis of allegations made by unidentified persons that this is a sham divorce, the court is not prepared to ignore the fact that Kenneth Silverman no longer has legal title and draws no inferences as to the motives behind the transfer.
The next issue which must be determined is the scope of the attachment. This determination involves consideration of several issues raised by the parties: (1) whether a defendant must forfeit proceeds obtained prior to the effective date of article 13-A; (2) whether the plaintiff may attach assets which are not the alleged proceeds of the crime; (3) whether the criminal defendants are jointly and severally liable and whether a criminal defendant must benefit from the proceeds of the crime; and (4) the certainty of the amount claimed by plaintiff.
Article 13-A applies to crimes committed on or after August 1, 1984. (L 1984, ch 669, § 5.) The subject indictments and pleas cover acts committed both before and after the effective date.
Under the rule set forth in People v Cox (286 NY 137, 142-143), a series of acts against a single owner and pursuant to a single intent and design and in execution of a single scheme constitute a single larceny. The Cox rule appears to be as much a rule of substantive law as a rule of pleading. The criminal defendants are charged with Medicaid overbillings since 1982, and, in fact, have pleaded guilty to the underlying acts. The series of acts constitutes a single crime under the Cox rule which crime terminated subsequent to the August 1, 1984 date. The plaintiff is thus entitled to recover the proceeds from overbillings which were submitted prior to August 1, 1984.
The statute was enacted during the period of the ongoing scheme and it is not an additional penalty to defendants in light of the aim of the statute. It would in fact be ludicrous to permit defendant to retain the proceeds from acts committed prior to August 1, 1984, while permitting forfeiture of proceeds obtained after August 1, 1984, where all proceeds were obtained as a result of a single continuous scheme.
*496 In light of the application of the Cox rule to the facts before the court in this case, the question of retroactivity of the statute need not be addressed.
The next question is the extent of the defendants’ assets which is subject to attachment.
It is clear that, with respect to the assets of a non-criminal defendant, only the proceeds of the crime, the substituted proceeds, or an instrumentality, may be attached. (CPLR 1311 [1].) With respect to a criminal defendant, a money judgment in an amount equivalent in value to the property which constitutes the proceeds, the substituted proceeds, or the instrumentality may be obtained as well. While this would appear to indicate that all of a criminal defendant’s assets may be attached regardless of whether they are proceeds, substituted proceeds or an instrumentality of a crime, the court is bound to follow the recent Appellate Division ruling in the case of Morgenthau v Citisource, Inc. (121 AD2d 353, supra).
In that case the Appellate Division vacated an order of attachment and an injunction in an article 13-A action because the plaintiff claiming authority had failed to demonstrate any connection between the seized assets and the alleged proceeds of the crime, and ordered a hearing to determine the proceeds or substituted proceeds with which they were charged. The court also vacated an injunction against disposition of a retirement trust account because there was no contention that the account had any connection with the alleged crime.
The court is constrained to follow that ruling and a hearing shall be held on October 14, 1986, at 9:30 a.m. in courtroom 1803, Westchester County Courthouse, White Plains, New York, to determine the existence and extent of the alleged proceeds or substituted proceeds.
The plaintiff next contends that the criminal defendants should be held jointly and severally liable and that a criminal defendant does not have to benefit from the proceeds in order to be subject to liability.
"The courts in construing a statute should consider the mischief sought to be remedied by the new legislation and they should construe the act in question so as to suppress the evil and advance the remedy.” (McKinney’s Cons Laws of NY, Book 1, Statutes § 95.)
"A basic consideration in the interpretation of a statute is *497 the general spirit and purpose underlying its enactment, and that construction is to be preferred which furthers the object, spirit and purpose of the statute.” (McKinney’s Cons Laws of NY, Book 1, Statutes § 96.)
The statute is civil and remedial. "Generally, remedial statutes are liberally construed to carry out the reforms intended and to promote justice.” (McKinney’s Cons Laws of NY, Book 1, Statutes § 321.)
The aim of article 13-A is to enable the claiming authority to recover the proceeds of crime as well as instrumentalities used in the crime. Subject to liability is a "criminal defendant”, a person who has criminal liability for the underlying crime (CPLR 1310 [9]) and "non-criminal” defendants, who do not have criminal liability for the underlying crime, but who possess an interest in the proceeds, substituted proceeds, or instrumentality. (CPLR 1310 [10].) In effect, the purpose of the statute is to provide "an effective tool to take the profit out of crime”. (Governor’s approval mem, 1984 McKinney’s Session Laws of NY, at 3628.)
The statute defines "proceeds of the crime” as "any property obtained through the commission of a felony crime”. There is no requirement that a particular criminal defendant receive the proceeds or receive the benefit of the proceeds.
As to the nature of liability of a criminal defendant, the statute provides only that the total amount that can be recovered against all criminal defendants shall not exceed the value of the proceeds of the crime or substituted proceeds of the crime and in addition the value of any forfeited instrumentality of the crime. It further provides for a reduction for the amount recovered against all non-criminal defendants. (CPLR 1311 [8].)
Given the basic principles of statutory construction and the intent of the legislation, it is the court’s conclusion that, where the plaintiff proves by a preponderance of the evidence (CPLR 1311 [3] [a]) that the criminal defendants participated in a common scheme or plan that they should be held jointly and severally liable and that a criminal defendant need not benefit from the crime in order to be held liable.
The plaintiff has established the existence of a common plan or scheme by the preponderance of the evidence. This is demonstrated by the use of the related corporate entities through which the overbillings were made, the submission over a number of years of thousands of overbillings and preparation thereof by the same corporate employee.
*498 The plaintiff must establish the amount of proceeds by concrete evidence; mere surmise or speculation in determining the amount is not permissible. (Holtzman v Samuel, 130 Misc 2d 976, 985-986, supra.) It appears that the plaintiff has projected at least a portion of the amount claimed to be subject to attachment.
Despite the acceptability of the use of reasonable estimates under limited circumstances where no other method is available (see, e.g., Dillon v Secular, 132 Misc 2d 279), the use of a reasonable estimate is not necessary or appropriate in this case. The Department of Social Services is in possession of all of the billings which are the subject of the underlying criminal action. The amount which the plaintiff claims as proceeds of the crime should be calculable by clerical review. Since certainty is obtainable by mere review of the documents, no other method of ascertaining the amount is acceptable.
The plaintiff is directed to prepare a schedule of the amount claimed to be proceeds of the overbilling and to file and serve it upon the court at least five days prior to the hearing date set forth above.
All party defendants are directed to appear for the purpose of giving testimony as to their financial status. Such deposition shall be held on October 6, 1986, at 10:00 a.m. at the plaintiff’s office or such other date, time and place as counsel may agree upon in writing.
The temporary restraining order is vacated only to the extent that it affects assets which are not subject to attachment pursuant to this decision.