■ CHARLES J. HYNES, Appellant, v SHANNON DALLAS, Respondent. [922 NYS2d 137]—

In a civil forfeiture action pursuant to CPLR article 13-A, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Brennan, J.), dated July 13, 2009, which denied his motion for summary judgment on the complaint, and (2) an order of the same court dated December 11, 2009, which granted the defendant's cross motion to dismiss the complaint.

Ordered that the order entered dated July 13, 2009, is affirmed, without costs or disbursements; and it is further,

Ordered that the order dated December 11, 2009, is reversed, on the facts and in the exercise of discretion, without costs or disbursements, and the defendant's cross motion to dismiss the complaint is denied.

In a civil forfeiture action, the plaintiff bears the burden of proving, by a preponderance of the evidence, that the money sought is the proceeds of a crime (*see* CPLR 1311 [3]; *Property Clerk of N.Y. City Police Dept. v Hurlston*, 104 AD2d 312, 313 [1984]). The amount of the proceeds may not be determined by mere speculation or guesswork (*see Matter of City of New York v Cosme*, 67 AD2d 852 [1979]; *Kuriansky v Natural Mold Shoe Corp.*, 133 Misc 2d 489, 498 [1986]; *Dillon v Secular*, 132 Misc 2d 279, 280 [1986]). Here, the plaintiff failed to establish, prima facie, that his calculation of the proceeds was reasonably accurate and not unduly speculative (*see Matter of City of New York v Cosme*, 67 AD2d at 853; *Holtzman v Samuel*, 130 Misc 2d 976, 985-986 [1985]). Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the complaint.

However, the Supreme Court improvidently exercised its discretion in granting the defendant's cross motion to dismiss the complaint. A court may dismiss a civil forfeiture action in the interests of justice (*see* CPLR 1311 [4] [a]). In order to do

so, the court must find the existence of some compelling factor, consideration, or circumstance demonstrating that forfeiture of the property or any part thereof would not serve the ends of justice (*see* CPLR 1311 [4] [d]). CPLR 1311 (4) (d) sets forth four factors, considerations, and circumstances, "among others," that the court may consider in deciding whether dismissal in the interests of justice is warranted. Contrary to the Supreme Court's conclusion, since the plaintiff is seeking to recover proceeds stemming from the defendant's criminal conduct, the forfeiture cannot be considered punitive in nature (*see* CPLR 1311 [1]; *United States v Tilley*, 18 F3d 295, 300 [1994], *cert denied* 513 US 1015 [1994]; Preiser, Practice Commentary, McKinney's Cons Laws of NY, Book 7B, CPLR 1310, at 399). The facts that this was the defendant's first conviction, that his offense was nonviolent, and that he faces an enhanced sentence if he is convicted of a felony in the future, are not compelling factors, considerations, or circumstances that warrant dismissal in the interest of justice. Nor does the fact that the plaintiff failed to establish a prima facie case on his motion for summary judgment warrant dismissal in the interests of justice. Moreover, to allow the defendant to keep the proceeds of his crime would subvert the fundamental equitable principle underlying CPLR article 13-A that " '[n]o one shall be permitted to profit by his own fraud, or to take advantage of his own wrong, or to found any claim upon his own iniquity, or to acquire property by his own crime' " (*Hynes v Iadarola*, 221 AD2d 131, 133-134 [1996], quoting *Riggs v Palmer*, 115 NY 506, 511 [1889]). Accordingly, the Supreme Court should have denied the defendant's cross motion to dismiss the complaint. Rivera, J.P., Chambers, Hall and Lott, JJ., concur.