Sandler v Frank (2025 NY Slip Op 05837)

Sandler v Frank

2025 NY Slip Op 05837

Decided on October 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
JANICE A. TAYLOR
LOURDES M. VENTURA, JJ.

2023-03594
 (Index No. 613644/19)

[*1]Adam Sandler, appellant,
v
Marissa F. Frank, et al., respondents.

Mordente Law Firm LLC, Fresh Meadows, NY (Anthony R. Mordente of counsel), for appellant.
Falcon Rappaport & Berkman LLP, Rockville Centre, NY (Christopher M. Slowik and Samantha M. Compono of counsel), for respondents.

DECISION & ORDER
In an action for common-law contribution and to recover damages for unjust enrichment, the plaintiff appeals from an order of the Supreme Court, Nassau County (Randy Sue Marber, J.), entered February 21, 2023. The order granted the defendants' motion for summary judgment dismissing the complaint and denied the plaintiff's cross-motion for summary judgment on the complaint.
ORDERED that the order is affirmed, with costs.
The instant action arises from the entry of a plea of guilty by the plaintiff and two of his corporate affiliates and a settlement agreement entered into by the parties to resolve a criminal proceeding and a related CPLR article 13-A civil action brought by the Kings County District Attorney against the parties. Pursuant to a "PLEA AND CPLR 13-A SETTLEMENT AGREEMENT" dated September 9, 2015 (hereinafter the plea and settlement agreement), the plaintiff and two of his corporate affiliates agreed to enter a plea of guilty to various crimes and promised to jointly pay to the Kings County District Attorney, as forfeiture and in full and final settlement of the causes of action arising out of the criminal and civil proceedings, the total sum of $2,000,000 (hereinafter the forfeiture sum) and to forfeit two automobiles titled in the plaintiff's name. The defendants, Marissa F. Frank and Alyson Sandler-Venezia, who are the plaintiff's daughters, also agreed pursuant to the terms of the plea and settlement agreement to forfeit and assign to the Kings County District Attorney all of their rights and interest, if any, in the forfeiture sum and in the two automobiles titled in the plaintiff's name.
In October 2019, the plaintiff commenced this action against the defendants, asserting causes of action for common-law contribution and to recover damages for unjust enrichment related to his payment of the forfeiture sum and the defendants' attorneys' fees. The defendants moved for summary judgment dismissing the complaint. The plaintiff opposed and cross-moved for summary judgment on the complaint. In an order entered February 21, 2023, the Supreme Court granted the defendants' motion and denied the plaintiff's cross-motion. The plaintiff appeals.
CPLR article 13-A "authorizes District Attorneys and the Attorney-General, as [*2]claiming authorities, to recover, as against the criminal defendants, real property, personal property, money, negotiable instruments, securities or other items of value, which constitute the proceeds, substituted proceeds or instrumentalities of crime, or to recover a money judgment in an amount equivalent in value to the property which constituted the proceeds of the crime, the substituted proceeds or an instrumentality of crime" (Kuriansky v Bed-Stuy Health Care Corp., 135 AD2d 160, 164; see CPLR 1311[1]). "[T]he fundamental equitable principle underlying CPLR article 13-A [is] that no one shall be permitted to profit by his [or her] own fraud, or to take advantage of his [or her] own wrong, or to found any claim up on his [or her] own iniquity, or to acquire property by his [or her] own crime" (Hynes v Dallas, 83 AD3d 896, 897 [internal quotation marks omitted]).
Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action for common-law contribution. Although under the common law, a joint obligor is entitled to contribution where it pays more than its proportionate share of a common liability (see Leo v Levi, 304 AD2d 621, 623; Falb v Frankel, 73 AD2d 930, 930-931), the defendants established that the forfeiture sum was not a common liability, but rather, pursuant to the terms of the plea and settlement agreement, was a joint liability of the plaintiff and two of his corporate affiliates. In opposition, the plaintiff failed to raise a triable issue of fact. Moreover, even assuming, arguendo, that the forfeiture sum did represent a common liability of the plaintiff and the defendants, the doctrine of in pari delicto "mandates that the courts will not intercede to resolve a dispute between . . . wrongdoers" (Kirschner v KPMG LLP, 15 NY3d 446, 464; cf. Specialized Indus. Servs. Corp. v Carter, 99 AD3d 692, 693).
Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action for common-law contribution.
"To prevail on a claim of unjust enrichment, a party must show that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered (Keane v Keane, 193 AD3d 838, 840 [internal quotation marks omitted]). "The essential inquiry in any action for unjust enrichment . . . is whether it is against equity and good conscience to permit the defendant to retain what is sought to be recovered" (Maple Med., LLP v Scott, 191 AD3d 81, 99 [internal quotation marks omitted]). "Generally, courts will look to see if a benefit has been conferred on the defendant under mistake of fact or law, if the benefit still remains with the defendant, if there has otherwise been a change of position by the defendant, and whether the defendant's conduct was tortious or fraudulent" (id. [internal quotation marks omitted]).
Here, the defendants established, prima facie, that they were not unjustly enriched at the plaintiff's expense as a result of the terms of the plea and settlement agreement (see Keane v Keane, 193 AD3d at 840). In opposition, the plaintiff failed to raise a triable issue of fact.
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint and denied the plaintiff's cross-motion for summary judgment on the complaint.
BARROS, J.P., BRATHWAITE NELSON, TAYLOR and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court