OTTO GERDAU Co., Appellant, *v.* BOWNE-MORTON STORES, INC., Respondent.

First Department, May 22, 1956.

*Robert F. Doran* of counsel (*Bailey & Muller,* attorneys), for appellant.

*Stanley Bogart* of counsel (*Murray I. Sommer* with him on the brief; *Bogart & Lonergan,* attorneys), for respondent.

*Per Curiam.* The plaintiff, an importer of spices, sought recovery against the defendant, a storage warehouse, for its negligence in storing 200 bags of chillies (peppers). The jury found for the plaintiff on this cause of action and for the defendant on a second cause of action. The latter is not involved on this appeal. At the conclusion of the proof, the learned trial court reserved decision on a motion to dismiss the complaint. After the rendition of the verdict, a motion to set it aside and

the reserved motion to dismiss were both granted upon the ground that the plaintiff had not established that the goods were in good condition when received by the defendant.

The plaintiff proved: (a) shortly before storage and while the goods were still at the dock in New York, Federal agents spot-checked the chillies by samples removed from 10 bags. The samples were found to be fit for human consumption and the entire shipment was released by the Food and Drug Administration (Federal Food, Drug and Cosmetic Act, § 801; U. S. Code, tit. 21, § 381 as amd.) ; (b) the defendant issued a " clean " warehouse receipt which recited that the chillies were in " apparent good order * * * contents, weight, condition and quality unknown "; (c) thereafter, 22 bags were sold to various customers of the plaintiff without complaint as· to condition or claim of contamination. In addition, it was factually established that the merchandise remained in the warehouse for approximately 18 months before it was detained by Federal agents as rodent-contaminated and unfit, and most of it ordered destroyed. The defendant's exterminator reported no contaminated condition during his periodic examination of the warehouse.

It is settled law that a bailor who complains of damage to his merchandise must establish that it was in good order when delivered. If, in addition, there is proof of damage to the goods after delivery, a prima facie case is made out (*Claflin* v. *Meyer*, 75 N. Y. 260; Richardson on Evidence [8th ed.], § 109, p. 85). Proof of the condition of merchandise by testimony with respect to the condition of samples taken therefrom presents a question of fact for a jury (*Muller* v. *Eno,* 14 N. Y. 597, 603).

Upon the evidence, both direct and circumstantial, as here outlined, a question of fact was presented as to whether the goods were in good condition when received by the defendant. Implicit in the jury's verdict was the finding that plaintiff delivered the merchandise in good order and uncontaminated, and that the change in condition occurred after storage and because of defendant's negligence. The verdict was, therefore, adequately supported by the proof.

The judgment dismissing plaintiff's complaint should be reversed and the verdict of the jury in favor of the plaintiff in the sum of $5,970.31, with interest, should be reinstated. Settle order.

BREITEL, J. P., BOTEIN, COX, FRANK and VALENTE, JJ., concur.

Judgment unanimously reversed and the verdict of the jury in favor of the plaintiff in the sum of $5,970.31, with interest, reinstated. Settle order on notice.