(December 22, 1964)

■ In the Matter of INWOOD POST No. 581, AMERICAN LEGION, Petitioner, v. STATE BINGO CONTROL COMMISSION, Respondent.

MEMORANDUM BY THE COURT. Determination of respondent, State Bingo Control Commission, confirmed and petition dismissed, without costs and without disbursements. Judicial review of its determination is limited to a consideration of whether or not there was substantial evidence to support its essential findings. (See *Matter of Stork Rest.* v. *Boland,* 282 N. Y. 256, 273; *Matter of Phinn* v. *Kross,* 8 A D 2d 132, 135.) The commission was entitled to rely on circumstantial evidence as the basis for such findings. The commission could draw reasonable inferences from any proven fact and utilize its own experiences in drawing such inferences. (See 2 Am. Jur. 2d, Administrative Law, § 394, pp. 200–201.) It was the function of the commission to weigh conflicting inferences and its findings thereon should prevail. (*Matter of Gordon* v. *New York Life Ins. Co.,* 300 N. Y. 652, 654.) The finding that the petitioner falsified its reports is supported by permissible inferences arising from the evidence before the commission. It was entitled to find that the dates selected were properly representative and fully suitable as the basis for determining the approximate attendance for each evening of bingo players, the average per player expenditure and the average nightly total receipts during the period of 15 occasions from November 8, 1963 to March 6.

1964. It does not appear that the test dates were arbitrarily or capriciously selected without regard to due consideration of proper and relevant factors in reaching the estimate of proper averages. Fair sampling is a proper method, usable particularly by administrative agencies, to establish at least prima facie the existence of an average fact pattern on a number of occasions or over a period of time. There is nothing unfair or improper in the use of this method where the adverse party is given full opportunity to present evidence refuting the inferences flowing from the sampling. (See 2 Bender's N. Y. Evidence, § 53.02 [2].) In this case, as demonstrated by the testimony of the commission's expert and his graphs, it satisfactorily appears that the sampling was fair and supports the findings of the commission. The privilege of conducting bingo games given to certain organizations and the conditions thereof should be "strictly construed and rigidly enforced * * * to ensure a maximum availability of the net proceeds of bingo exclusively for application to the worthy causes and undertakings specified herein * * * the mandate of [this] section * * * should be carried out by rigid regulation to prevent * * * the diversion of funds from the purposes herein authorized." (General Municipal Law, § 475.) The commission cannot be expected to have investigators make an on-the-spot daily check of attendance at all authorized bingo games. The method employed by it here was a feasible means for determining prima facie whether attendance and receipts are under-reported. It was fully within the power of the petitioner to present evidence refuting the inferences arising from the commission's sampling. Since, however, it offered no satisfactory explanation, the commission's determination rests on substantial evidence.

RABIN, J. (dissenting). I dissent and vote to annul the determination of the commission revoking the petitioner's bingo license.

The revocation was based upon the commission's conclusion that petitioner had prepared false reports of its receipts. In my opinion that conclusion does not rest upon the requisite "substantial evidence" required in an administrative proceeding.

Falsity of the reports was not demonstrated by any direct evidence. It was based solely upon circumstantial evidence. The use of circumstantial evidence to establish the falsity of the reports is permissible. However, the use of circumstantial evidence is subject to the rule that inferences which are equally consistent with the existence or nonexistence of the fact to be proved must be rejected. Stated another way, the inference may be used only when it is a probable or natural explanation of the fact and a more probable and natural one than the other explanation, if any. (*Engel* v. *United Traction Co.*, 203 N. Y. 321.)

What did the commission rely upon to support its finding that the petitioner had prepared false reports of its income? There was proof submitted that the reports with respect to the income on each of 16 nights (when there was no inspection by respondent's representatives) were less than was reported on each of 4 nights when inspectors were present. On this proof, together with an expert's opinion, the conclusion was reached that the reports made on the 16 nights had been falsified. I do not think that the inference of falsity was a permissible one based upon the evidence adduced. I cannot agree that because on the 4 inspected occasions the total and per capita receipts were higher than on the 15 noninspected occasions, it may reasonably be concluded that the latter were not accurately reported. Taking cognizance of the many obvious variables which may affect attendance or the amount of money spent by the players, the limited statistics do not constitute a valid basis for the conclusion reached. A more substantial degree of proof should be required

to permit a finding of falsity, with the consequent serious penalties to the petitioner.

I think that the inferences drawn by the commission are purely speculative and are not supported by the proven facts. Accordingly, I conclude that the finding of the commission is not based upon the "substantial evidence" as is required to support its determination.

It must be noted that the method adopted by the commission in this case to detect fraud leaves much to be desired. There is no need for the commission to rely upon such a circuitous and indirect method. Surely, there must be some more direct and more positive manner in which false reporting may be detected.

Botein, P. J., Eager and Witmer, JJ., concur in Memorandum by the Court; Rabin, J., dissents in opinion in which Valente, J., concurs.

Determination of respondent, State Bingo Control Commission, confirmed and petition dismissed, without costs and without disbursements.