■      In the Matter of SUNSET TAXI COMPANY, INC., Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent State commissioner dated March 9, 1978 and made after a statutory fair hearing, which affirmed a determination of the local agency disqualifying petitioner from participation in the medical assistance program with State-wide effect and requiring restitution of moneys overpaid. Determination confirmed and proceeding dismissed on the merits, with costs. The determination that petitioner engaged in unacceptable billing practices by overstating the mileage on its claims was supported by substantial evidence. There was testimony from the investigator who clocked the actual mileage on 333 of the 2,153 claims submitted by petitioner and from the clerk who conducted the audit of petitioner's claims by comparing the mileage claimed by petitioner with the actual mileage as determined by the investigator and extrapolating the overstatement on the 333 claims over all 2,153 claims. In addition, copies of the claims submitted by petitioner, of the investigator's report, and of police certification of the calibration of the investigator's car, *inter alia,* were admitted as evidence. Petitioner contends that there is no evidence to support the finding of overbilling on the 1,820 claims that were the subject of the extrapolation. This contention is incorrect. "Fair sampling is a proper method, usable particularly by administrative agencies, to establish at least prima facie the existence of an average fact pattern on a number of occasions or over a period of time" *(Matter of Inwood Post No. 581, Amer. Legion v State Bingo Control Comm.,* 22 AD2d 884, 885, affd 17 NY2d 699). While petitioner was

given full opportunity to refute the inferences arising from the respondents' sampling, it did not do so. As regards samples of objective facts rather than of group or public opinion, the contention that sample evidence provides no evidence for the goods or claims not sampled was rejected long ago (see *Muller v Eno,* 14 NY 597; *Gerdau Co. v Bowne-Morton Stores,* 1 AD2d 581, affd 2 NY2d 905; 2 Bender's New York Evidence, § 53.02 [2]; see, generally, 1 Frumer & Friedman, Products Liability, § 6.02, p 75). In any event, adherence to technical rules of evidence applicable in a trial court is not necessary in an administrative proceeding (State Administrative Procedure Act, § 306) and the instant sampling was not so palpably deficient on its face as to mandate exclusion. Petitioner also raises questions regarding the admissibility of some of the exhibits. In light of the adequate foundation laid by the testimony of the investigator and the clerk, and in light of the nature of the hearing, this evidence was admissible (State Administrative Procedure Act, § 306, subd 1; *Matter of Brown v Ristich,* 36 NY2d 183). In view of the whole record, the evidence against petitioner was not deficient. Damiani, J. P., O'Connor, Lazer and Rabin, JJ., concur.