*685 OPINION OF THE COURT
Gerard E. Delaney, J.
This is a motion to renew and reargue pursuant to CPLR 2221. In light of the recent Court of Appeals decision in Morgenthau v Citisource, Inc. (68 NY2d 211 [1986]), the motion is granted.
This is a forfeiture action for the proceeds of a crime pursuant to CPLR article 13-A. Plaintiffs seek to expand the order of attachment against the criminal defendants to include any of the criminal defendants’ assets. This court’s previous decision was governed by the Appellate Division’s decision in Morgenthau v Citisource, Inc. (121 AD2d 353 [1986]), which held that there must be a connection between the assets seized and the alleged proceeds of the crime. Since this court’s September 15, 1986 decision, the Appellate Division was overruled. The Court of Appeals held that "a provisional remedy in an action against a 'criminal defendant’ is not limited to assets that can be traced to the alleged crimes but can reach any assets of the defendants that could be used to satisfy a potential judgment in the forfeiture action” (supra, 68 NY2d, at 220; emphasis added). Accordingly, plaintiffs’ application for an order of attachment of any assets owned by the criminal defendants is granted.
Plaintiffs also seek an order of disclosure by the criminal defendants, noncriminal defendants, and respondents regarding any property in which the defendants have or may have an interest. Because the Court of Appeals in Morgenthau (supra) broadened the scope of attachment under article 13-A, plaintiffs are entitled to examine the defendants and respondents regarding information as to transfers of property from one year before the date of this motion, February 19, 1987, until the present date.
Plaintiff also seeks an order of attachment against the noncriminal defendants. In this court’s previous decision it was stated that "[p]laintiff has not met its burden of proof with respect to any of the non-criminal defendants”. (Kuriansky v Natural Mold Shoe Corp., 133 Misc 2d 489, 493 [1986].) Plaintiff has still not met its burden of proof as required by CPLR 1311 (3) (b) (ii) through (iv). Perhaps plaintiffs will be able to meet this burden after disclosure by the defendants. Plaintiffs’ application for an order of attachment for the assets of the noncriminal defendants is hereby denied without prejudice.
*686 Plaintiffs claim the court misunderstood the methods used to calculate the overbilling done by KJS Traveling Shoe Corporation (hereinafter KJS). The records of KJS showed only that the original prescriptions appeared to be altered. To confirm their suspicions, the State’s investigators interviewed the prescribing physicians for about half of the 2,200 KJS invoices. The interviews revealed that about 90% of the total KJS billings were fraudulent. Plaintiff also claims that Robert Hayes, an employee of KJS, admitted to forging about 90% of all Medicaid invoices.
In Matter of Sunset Taxi Co. v Blum (73 AD2d 691 [2d Dept 1979]), the court held: " 'Fair sampling is a proper method, usable particularly by administrative agencies, to establish at least prima facie the existence of an average fact pattern on a number of occasions or over a period of time’ ” (quoting Matter of Inwood Post No. 581, Am. Legion v State Bingo Control Commn., 22 AD2d 884, 885, affd 17 NY2d 699).
Although this court is aware that at least one court has disapproved of the use of sampling methods in Medicaid cases (see, Matter of Allen v Commissioner of Social Servs., 116 AD2d 35 [3d Dept 1986]), this court is bound by the Second Department’s holding in Sunset Taxi (supra).
Accordingly, this court’s decision of September 15, 1986, is modified to allow plaintiffs to use statistical sampling as a method of proving damages.
Plaintiffs claim that this court has incorrectly waived defendant Jack Silverman’s default in appearing to oppose the application for a provisional remedy. However, plaintiffs still have not demonstrated how they are prejudiced by the court’s finding. Accordingly, plaintiffs’ application to renew and reargue as pertains to Jack Silverman’s application to appear in opposition to plaintiffs’ motion is denied.