Matter of Reliance Ambulette, Inc. v Rosen (2020 NY Slip Op 02101)





Matter of Reliance Ambulette, Inc. v Rosen


2020 NY Slip Op 02101


Decided on March 26, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2020

Friedman, J.P., Kapnick, Oing, González, JJ.


11263 160717/16

[*1]In re Reliance Ambulette, Inc., Petitioner,
v
Dennis Rosen, etc., et al., Respondents.


Smith Mazure Director Wilkins Young & Yagerman, P.C., New York (Alan M. Sclar of counsel), for petitioner.
Letitia James, Attorney General, New York (Amit R. Vora of counsel), for respondents.



Determination of respondent New York State Department of Health, dated August 23, 2016, which affirmed a determination of the New York State Office of the Medicaid Inspector General (OMIG), after a hearing, that petitioner received overpayments of Medicaid reimbursements totaling $2,659,293.15, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Lynn R. Kotler, J.], entered August 14, 2017), unanimously dismissed, without costs.
Substantial evidence supports OMIG's determination that petitioner received overpayments of Medicaid reimbursements for claims where petitioner's drivers were either not licensed by the New York City Taxi and Limousine Commission (TLC), or had missing or inaccurate information in their claims (see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180-181 [1978]). OMIG correctly determined that 18 NYCRR 505.10 requires both ambulette owners and drivers who provide services in the City of New York to be licensed by the TLC in order to receive reimbursement (see Department of Social Services Regulations [18 NYCRR] § 505.10[e][6][ii]).
The parties' communications and the conduct described in the final OMIG report provided petitioner with sufficient notice of the charges, and petitioner thus had an adequate opportunity to prepare its defense (see generally Matter of Franklin St. Realty Corp. v NYC Envtl. Control Bd., 164 AD3d 19, 24-25 [1st Dept 2018], affd __ NY3d __, 2019 NY Slip Op 08976 [2019]). Moreover, petitioner did not preserve its claim that respondent's audit was unduly burdensome, and, in any event, it did not demonstrate that it was precluded thereby from complying with the audit or that the administrative delay required annulment of OMIG's determination (see Matter of Clearview Ctr., Inc. v New York
State Off. of the Medicaid Inspector Gen., 172 AD3d 1582, 1586-1588 [3d Dept 2019]).
We have considered petitioner's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 26, 2020
CLERK