Matter of Fast Help Ambulette, Inc. v New York State Dept. of Health (2021 NY Slip Op 05560)





Matter of Fast Help Ambulette, Inc. v New York State Dept. of Health


2021 NY Slip Op 05560


Decided on October 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2018-05110
 (Index No. 518385/17)

[*1]In the Matter of Fast Help Ambulette, Inc., petitioner,
v
New York State Department of Health, et al., respondents.


Sinayskaya Yuniver, P.C., Brooklyn, NY (Steven R. Yuniver of counsel), for petitioner.
Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta and Philip V. Tisne of counsel), for respondents.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of a designee of the Commissioner of the New York State Department of Health dated May 25, 2017. The determination, after a hearing, upheld the determination of the New York State Office of the Medicaid Inspector General to recover Medicaid overpayments in the amount of $1,102,553 from the petitioner.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
The petitioner is a transportation vendor enrolled as a provider in the New York State Medical Assistance Program (hereinafter Medicaid). In June 2011, the respondent State of New York Office of the Medicaid Inspector General (hereinafter OMIG), an independent office within the respondent New York State Department of Health (hereinafter DOH) responsible for the investigation, detection, and prevention of Medicaid fraud, waste, and abuse, in connection with the respondent Human Resources Administration (hereinafter HRA), commenced an audit of 150 random samples of Medicaid claims submitted by the petitioner between January 1, 2008, through December 31, 2010. OMIG issued its draft audit report in connection with the petitioner's audit by letter dated November 12, 2013 (hereinafter the DAR). The DAR stated that the petitioner's failure to comply with the DOH's regulations resulted in a total sample overpayment of $3,355.20. The DAR further stated that the statistical sampling methodology employed allowed for extrapolation of the sample findings to the universe of cases and the adjusted mean per unit point estimate of the amount overpaid was $1,102,553. In its detailed findings, the DAR stated that in 36 instances, the claims contained inaccurate vehicle plate numbers, and in 11 instances, the claims contained inaccurate driver license numbers. The DAR also stated that in 12 instances, the petitioner did not ensure that its driver complied with Department of Motor Vehicles (hereinafter DMV) certification requirements under Vehicle and Traffic Law article 19-a.
The petitioner's attorney responded to the DAR by letter dated January 31, 2014, and [*2]raised certain objections. OMIG issued its final audit report (hereinafter FAR) by letter dated June 12, 2014, which, inter alia, determined that $1,102,553 in Medicaid overpayments should be recovered from the petitioner. The petitioner's attorney responded to the FAR by letter dated June 14, 2017, and requested a hearing.
The hearing commenced on September 29, 2016, before the respondent Denise Lepicier, an administrative law judge (hereinafter the ALJ). During the hearing, Tricia Smith, who was employed by OMIG as a management specialist-1, and Ping Tran, who was employed by HRA as a management auditor, testified on behalf of OMIG, and OMIG entered the certification of Karl W. Heiner into evidence. Eric Bokman, who was the petitioner's manager, testified on behalf of the petitioner.
In a decision after hearing dated May 25, 2017, the ALJ upheld OMIG's determination to recover Medicaid overpayments in the amount of $1,102,553 from the petitioner.
On September 22, 2017, the petitioner commenced the instant proceeding pursuant to CPLR article 78 to review the ALJ's determination, contending, inter alia, that the respondents had violated its due process rights and that the ALJ's determination was not supported by substantial evidence. By order dated April 26, 2018, the Supreme Court transferred the proceeding to this Court pursuant to CPLR 7803(4) and 7804(g).
Contrary to the petitioner's contentions, it was provided the appropriate due process in this matter (see generally Matter of Sekul v City of Poughkeepsie, 195 AD3d 622; Matter of Jensen v New York State Dept. of Motor Vehs., 176 AD3d 707, 708). OMIG's communications, including the DAR, provided the petitioner with sufficient notice of, inter alia, the statistical sampling method OMIG used to extrapolate the sample findings to the universe of cases during the audit period (see generally Matter of Reliance Ambulette, Inc. v Rosen, 181 AD3d 533, 534). In response to the DAR, the petitioner did not raise any contentions regarding the method of extrapolation. Accordingly, the petitioner did not preserve its right to challenge the extrapolation methodology at the hearing (see 18 NYCRR 517.5[c]). In any event, "[a]n extrapolation of findings based on an audit using a certified valid statistical sampling method is presumed to be an accurate determination of the total overpayments made, in the absence of expert testimony or other evidence submitted by the provider at a hearing" (West Midtown Mgt. Group, Inc. v State of N.Y., Dept. of Health, Off. of the Medicaid Inspector Gen., 31 NY3d 533, 536 [internal quotation marks omitted]; see 18 NYCRR 519.18[g]; Matter of Mercy Hosp. of Watertown v New York State Dept. of Social Servs., 79 NY2d 197, 201). Here, Heiner certified that the extrapolation methodology used by OMIG in this audit was a statistically valid methodology. At the hearing, the petitioner did not submit any expert testimony to challenge the extrapolation by OMIG, nor did the petitioner submit an actual accounting of all claims paid in rebuttal to OMIG's evidence (see 18 NYCRR 519.18[g]). Accordingly, the petitioner did not offer any competent evidence to challenge OMIG's evidence (see id.; cf. Matter of Bulmahn v New York State Off. of Medicaid Inspector Gen., 106 AD3d 1504, 1506).
In a proceeding pursuant to CPLR article 78, judicial review of factual findings made by an administrative agency following an evidentiary hearing is limited to consideration of whether the findings were supported by substantial evidence (see id. § 7803[4]; Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d 1044, 1045; Matter of Sekul v City of Poughkeepsie, 195 AD3d 622; Matter of Klein v City of N.Y. Dept. of Fin. Parking Violations Bur., 189 AD3d 1240, 1240). Substantial evidence is defined as proof "so substantial that from it an inference of the existence of the fact found may be drawn reasonably" (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 179 [internal quotation marks omitted]; see Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d at 1046).
Here, the ALJ's determination that the petitioner did not properly record the vehicle plate number for 36 claims in the audit sample and did not properly record the driver license numbers for 11 claims in the audit sample was supported by substantial evidence (see Matter of [*3]Reliance Ambulette, Inc. v Rosen, 181 AD3d at 534; Matter of Metzies Shoe Brooklyn N.Y. Corp. v New York State Dept. of Social Servs., 151 AD2d 675, 676; Matter of Sunset Taxi Co. v Blum, 73 AD2d 691, 691). The testimony of Smith and Tran regarding OMIG's determination to rely on a spreadsheet purporting to match the petitioner's internally assigned vehicle numbers with drivers' names, instead of the petitioner's purported electronic records, presented issues of credibility, which were resolved by the ALJ, and we discern no basis in the record for disturbing that determination (see generally Matter of Fernandez v Rodriguez, 180 AD3d 897, 898).
Further, OMIG correctly determined that ambulette drivers must be certified pursuant to Vehicle and Traffic Law article 19-a to work for the specific carrier, in this case, the petitioner, on the date of service, in order for that carrier to be eligible for reimbursement (see id. §§ 509-d, 509-m; 15 NYCRR 6.9; 18 NYCRR 505.10[e][6][ii]). The determination that for 12 claims in the sample, at least one of the drivers who provided the service was not certified pursuant to Vehicle and Traffic Law article 19-a to work for the petitioner as of the applicable dates of service was supported by substantial evidence (see Matter of Reliance Ambulette, Inc. v Rosen, 181 AD3d at 534; Matter of Metzies Shoe Brooklyn N.Y. Corp. v New York State Dept. of Social Servs., 151 AD2d at 676; Matter of Sunset Taxi Co. v Blum, 73 AD2d at 691). Although the petitioner contends that the ALJ improperly credited the hearsay testimony of Smith and Tran regarding the DMV's practices, as well as the hearsay emails from the DMV, over the records the petitioner submitted, "hearsay is admissible as competent evidence in an administrative proceeding, and if sufficiently relevant and probative may constitute substantial evidence" even if contradicted by other evidence (see Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d at 1046).
The petitioner's remaining contentions are without merit.
MASTRO, J.P., MILLER, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court