■ CITIBANK, N.A., Appellant-Respondent, v PATRICIA B. WALKER et al., Defendants, JAMES SAMUEL et al., Respondents-Appellants, and MARTIN, MARTIN & WOODARD, LLP, Appellant. [787 NYS2d 48]—In an action, inter alia, pursuant to RPAPL article 15 to quiet title to real property, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schneier, J.), dated April 15, 2003, as denied those branches of its motion which were for summary judgment on the first cause of action against the defendants James Samuel and America's Wholesale Lender and to strike the affirmative defenses and counterclaims asserted by those defendants, the defendant Martin, Martin & Woodard, LLP, separately appeals from so much of the same order as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, the defendant James Samuel cross-appeals from so much of the same order as denied his cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him, and the defendant America's Wholesale Lender separately cross-appeals, as limited by its brief, from so much of the same order as denied its cross motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was to strike the first, third, fourth, and fifth affirmative defenses of the defendant James Samuel and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the first cause of action against the defendants James Samuel and America's Wholesale Lender (hereinafter AWL). The plaintiff failed to demonstrate the absence of any triable issue of fact with respect to its claim that it had title to the subject property. Therefore, that branch of the motion which was for summary judgment on the first cause of action against Samuel and AWL was insufficient to make out a prima facie case (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]; Zuckerman v City of New York, 49 NY2d 557 [1980]).

The Supreme Court also properly denied the separate motion of the defendant Martin, Martin and Woodard, LLP, and the cross motions of the defendants Samuel and AWL, as they each failed to demonstrate the absence of any triable issue of fact. Therefore, those defendants failed to make out a prima facie case for summary judgment (*see Winegrad v New York Univ. Med. Ctr., supra; Zuckerman v City of New York, supra*).

The Supreme Court improperly denied that branch of the plaintiff's motion which was to strike Samuel's fourth affirmative defense alleging that the plaintiff was unjustly enriched. To prevail on a claim of unjust enrichment, a party must show that (1) the other party was enriched, (2) at that party's expense, and (3) that "it is against equity and good conscience to permit [the other party] to retain what is sought to be recovered" (*Paramount Film Distrib. Corp. v State of New York,* 30 NY2d 415, 421 [1972], *cert denied* 414 US 829 [1973]; *see Lake Minnewaska Mtn. Houses v Rekis,* 259 AD2d 797, 798 [1999]). The facts presented did not support a claim that the plaintiff was unjustly enriched at Samuel's expense. The Supreme Court also improperly denied that branch of the plaintiff's motion which was to strike Samuel's fifth affirmative defense alleging that the plaintiff had unclean hands since Samuel failed to come forward with facts demonstrating that the plaintiff's conduct is immoral or unconscionable (*see CFSC Capital Corp. XXVII v Bachman Mech. Sheet Metal Co.,* 247 AD2d 502 [1998]; *Connecticut Natl. Bank v Peach Lake Plaza,* 204 AD2d 909 [1994]). In addition, Samuel's first affirmative defense should have been stricken since a "defense that a complaint does not state a cause of action cannot be interposed in an answer," but must be raised by motion pursuant to CPLR 3211 (a) (7) (*Bentivegna v Meenan Oil Co.,* 126 AD2d 506, 508 [1987], quoting *Glenesk v Guidance Realty Corp.,* 36 AD2d 852, 853 [1971]), and Samuel's third affirmative defense also should have been stricken since it was inapplicable to the facts of this case (*see* CPLR 1412, 3018).

The parties' remaining contentions are without merit. Florio, J.P., Krausman, Cozier and Rivera, JJ., concur.