■ OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY, Appellant, v DAVID LUFT, Defendant, and D. KENNETH LUFT et al., Respondents. [859 NYS2d 261]—In an action, inter alia, to recover damages for unjust enrichment, the plaintiff appeals from a judgment of the Supreme Court, Orange County (Alessandro, J.), dated October 17, 2006, which, upon an order of the same court dated September 26, 2006, inter alia, granting that branch of the motion of the defendants D. Kenneth Luft, Julia D. Luft, and Masanda-Luft Properties, LLC, which was for summary judgment dismissing the amended complaint insofar as asserted against them, and denying that branch of the plaintiff's cross motion which was for summary judgment on the causes of action asserted against those defendants, is in favor of the defendants D. Kenneth Luft, Julia D. Luft, and Masanda-Luft Properties, LLC, and against it dismissing the amended complaint insofar as asserted against those defendants. The notice of appeal from the order is deemed a notice of appeal from the judgment (*see* CPLR 5512 [a]).

Ordered that the judgment is affirmed, with costs.

The Supreme Court properly granted that branch of the motion of the defendants D. Kenneth Luft, Julia D. Luft, and Masanda-Luft Properties, LLC (hereinafter the defendants), which was for summary judgment dismissing the amended complaint insofar as asserted against them. To prevail on a claim of unjust enrichment, a party must show that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit the other

party to retain what is sought to be recovered (*see Cruz v McAneney,* 31 AD3d 54, 59 [2006]; *Citibank, N.A. v Walker,* 12 AD3d 480, 481 [2004]). The defendants made a prima facie showing that they were not unjustly enriched at the expense of the plaintiff or its insured, Bossolina Development, LLC (*see Citibank, N.A. v Walker,* 12 AD3d at 481). In opposition, the plaintiff failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]).

The plaintiff's remaining contentions are improperly raised for the first time on appeal or without merit. Mastro, J.P., Skelos, Lifson and Leventhal, JJ., concur.