■ Arlene Burger, Appellant, v Frank Singh et al., Respondents, et al., Defendants. [915 NYS2d 113]—

In an action, inter alia, pursuant to RPAPL article 15 to determine claims to real property, and to recover damages for negligence and negligent infliction of emotional distress, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated March 9, 2009, as granted the motion of the defendant Keith Singh and the cross motion of the defendants Frank Singh and Marine Funding, Inc., for summary judgment dismissing the complaint insofar as asserted against each of them and denied that branch of her motion which was for summary judgment dismissing the counterclaim of the defendants Frank Singh and Marine Funding, Inc.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof granting that branch of the motion of the defendant Keith Singh which was for summary judgment dismissing the cause of action alleging negligence insofar as asserted against him and substituting therefor a provision denying that branch of the motion, and (2) deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment dismissing the counterclaim of the defendants Frank Singh and Marine Funding, Inc., and substituting therefor a provision granting that branch of the plaintiff's motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff demonstrated her prima facie entitlement to judgment as a matter of law dismissing the counterclaim of the defendants Frank Singh and Marine Funding, Inc., to recover damages for unjust enrichment. In opposition, these defendants failed to raise a triable issue of fact (*see Old Republic Natl. Tit. Ins. Co. v Luft*, 52 AD3d 491, 491 [2008]; *Citibank, N.A. v Walker*, 12 AD3d 480, 481 [2004]). Accordingly, the Supreme Court erred in denying that branch of the plaintiff's motion which was for summary judgment dismissing the counterclaim of these defendants (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Further, the Supreme Court erred in granting that branch of the motion of the defendant Keith Singh which was for summary judgment dismissing the negligence cause of action insofar as asserted against him. Keith Singh demonstrated his prima facie entitlement to judgment as a matter of law dismissing the negligence cause of action insofar as asserted against him. However, the plaintiff raised a triable issue of fact in opposition (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324).

The Supreme Court correctly determined that Keith Singh, Frank Singh, and Marine Funding, Inc. (hereinafter collectively the respondents), were entitled to summary judgment dismiss-

ing the cause of action alleging negligent infliction of emotional distress insofar as asserted against them. The respondents demonstrated their prima facie entitlement to judgment as a matter of law dismissing that cause of action by showing that their conduct could not be considered so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community (*see Sheila C. v Povich*, 11 AD3d 120, 130-131 [2004]; *Murphy v American Home Prods. Corp.*, 58 NY2d 293, 303 [1983]). In opposition, the plaintiff failed to raise a triable issue of fact. Therefore, the Supreme Court correctly granted those branches of the motion of Keith Singh and cross motion of Frank Singh and Marine Funding, Inc., which were for summary judgment dismissing the negligent infliction of emotional distress cause of action insofar as asserted against each of them (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324).

The plaintiff's remaining contentions are without merit. Florio, J.P., Balkin, Leventhal and Austin, JJ., concur.