■ Nissan Motor Acceptance Corporation, Appellant, v Thomas Scialpi et al., Defendants, and GS Autoplex, LLC, et al., Respondents. [944 NYS2d 160]—

In an action, inter alia, to recover damages for fraud, conversion, and unjust enrichment, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Driscoll, J.), dated March 1, 2011, as granted those branches of the motion of the defendants GS Autoplex, LLC, and Don Lia which were for summary judgment dismissing the causes of action alleging conversion, replevin, conspiracy to commit a tortious act, unjust enrichment, fraud, and conspiracy to commit fraud insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The essential elements of a cause of action sounding in fraud are a misrepresentation or a material omission of fact which was false and known to be false by the defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury (*see Colasacco v Robert E. Lawrence Real Estate*, 68 AD3d 706, 708 [2009]; *Orlando v Kukielka*, 40 AD3d 829, 831 [2007]). Where the fraud claim at issue is based on an omission or concealment of a material fact, the plaintiff must demonstrate that the defendant had a duty to disclose material information and failed to do so (*see Barrett v Freifeld*, 77 AD3d 600, 601 [2010]). Here, the defendants GS Autoplex, LLC (hereinafter GS Autoplex), and Don Lia (hereinafter together the respondents) met their initial burden of demonstrating their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging fraud insofar as asserted against

them, with evidence showing, inter alia, the absence of any misrepresentation to the plaintiff in connection with the transactions at issue as well as the absence of a fiduciary relationship or any other circumstance giving rise to a duty to disclose material information. In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court correctly granted that branch of the respondents' motion which was for summary judgment dismissing the cause of action alleging fraud insofar as asserted against them (*id.* at 601-602; *see Callisto Pharm., Inc. v Picker*, 74 AD3d 545, 545 [2010]; *Manti's Transp., Inc. v C.T. Lines, Inc.*, 68 AD3d 937, 939-940 [2009]).

"In order to establish a cause of action to recover damages for conversion, the plaintiff must show legal ownership or an immediate superior right of possession to a specific identifiable thing and must show that the defendant exercised an unauthorized dominion over the thing in question . . . to the exclusion of the plaintiff's rights" (*Scott v Fields*, 85 AD3d 756, 757 [2011] [internal quotation marks omitted]). A cause of action sounding in replevin must establish that the defendant is in possession of certain property of which the plaintiff claims to have a superior right (*see Batsidis v Batsidis*, 9 AD3d 342 [2004]). Here, the respondents met their initial burden of demonstrating their prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging conversion and replevin by establishing that GS Autoplex purchased the vehicles at issue, in which the plaintiff allegedly held a secured interest, as a buyer in the ordinary course of business (*see* UCC 1-201 [9]; 9-320 [a]; *Bank of Utica v Castle Ford*, 36 AD2d 6, 9-10 [1971]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court correctly granted that branch of the respondents' motion which was for summary judgment dismissing the causes of action alleging conversion and replevin insofar as asserted against them (*see Bank of Utica v Castle Ford*, 36 AD2d at 9-10; *see generally Zuckerman v City of New York*, 49 NY2d 557 [1980]).

"To prevail on a claim of unjust enrichment, a party must show that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered" (*Old Republic Natl. Tit. Ins. Co. v Luft*, 52 AD3d 491, 491-492 [2008]). Here, the respondents demonstrated their prima facie entitlement to judgment as a matter of law on this cause of action by establishing that they were not enriched at the plaintiff's expense. In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court correctly granted that

branch of the respondents' motion which was for summary judgment dismissing the cause of action alleging unjust enrichment insofar as asserted against them (*see Akhunov v 771620 Equities Corp.*, 78 AD3d 870, 872 [2010]).

The respondents were entitled to summary judgment dismissing the causes of action to recover damages for conspiracy to commit fraud and conspiracy to commit a tortious act insofar as asserted against them, since a cause of action sounding in civil conspiracy cannot stand alone, but stands or falls with the underlying torts (*see Barns & Farms Realty, LLC v Novelli*, 82 AD3d 689, 691 [2011]; *Romano v Romano*, 2 AD3d 430, 432 [2003]; *Sokol v Addison*, 293 AD2d 600, 601 [2002]). Balkin, J.P., Leventhal, Roman and Sgroi, JJ., concur. **[Prior Case History: 30 Misc 3d 1240(A), 2011 NY Slip Op 50415(U).]**