11-4535-cv
Gameologist v. Scientific

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 25th day of January, two thousand thirteen.

Present:
> ROBERT A. KATZMANN,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges*,
> JED S. RAKOFF,[*]
> > *District Judge*.

---

THE GAMEOLOGIST GROUP, LLC,

> *Plaintiff-Appellant*,

> v.                                                            No. 11-4535-cv

SCIENTIFIC GAMES INTERNATIONAL, INCORPORATED, SCIENTIFIC GAMES CORPORATION, INCORPORATED,

> *Defendants-Appellees*.

---

---

[*]The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

| | |
|---|---|
| For Plaintiff-Appellant: | JOHN BALESTRIERE, Balestriere Fariello, New York, NY |
| For Defendants-Appellees: | PETER S. SLOANE (Cameron S. Reuber, *on the brief*), Leason Ellis LLP, White Plains, NY |

Appeal from the United States District Court for the Southern District of New York (Koeltl, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Plaintiff-Appellant The Gameologist Group, LLC ("Gameologist") appeals from a judgment entered on October 26, 2011 by the United States District Court for the Southern District of New York (Koeltl, *J.*), which granted the motion of Defendants-Appellees Scientific Games International, Inc. and Scientific Games Corporation, Inc. (collectively, "Scientific") for summary judgment on all of Gameologist's claims. Gameologist, which has registered the mark "BLING BLING 2002" for use on online dice games and board games, claims that Scientific infringed its mark by using the word "bling" on several lottery tickets. On appeal, Gameologist argues that, contrary to the district court's conclusion, it could enforce its trademark in the lottery ticket industry. It further contends that, regardless of whether it had an enforceable mark, the district court should have allowed its state-law claims to proceed. We assume the parties' familiarity with the relevant facts, the procedural history, and the issues presented for review.

"We review a district court's grant of summary judgment *de novo*, construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor." *Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 113 (2d Cir. 2005). "We will affirm the judgment only if there is no genuine issue as to any material fact, and if the moving party is entitled to a judgment as a matter of law." *Id.*

To prevail on a trademark infringement claim, a plaintiff must show that it "has a valid mark entitled to protection." *Gruner + Jahr USA Publ'g v. Meredith Corp.*, 991 F.2d 1072, 1075 (2d Cir. 1993). As the district court correctly noted, Gameologist has not registered its trademark for use in the lottery-ticket industry. "An unregistered mark is entitled to protection . . . if it would qualify for registration as a trademark." *Star Indus., Inc. v. Bacardi & Co. Ltd.*, 412 F.3d 373, 381 (2d Cir. 2005). A mark qualifies for registration only if its owner uses it in commerce. 15 U.S.C. § 1051. Gameologist argues that it used its mark in the lottery-ticket industry when it entered into a licensing agreement with Scientific's subsidiary. That licensing agreement, however, produced no sales, and the parties agreed to cancel it after a mere five months. In the absence of sales, a licensing agreement generally cannot qualify as use in commerce. *See* 15 U.S.C. § 1127 (noting that a mark is used on "goods" when goods bearing the mark "are sold or transported in commerce"). Gameologist's other uses of the mark—its promotional efforts and its sale of approximately 250 board games over several years—similarly cannot satisfy the requirement of use in commerce. *See Buti v. Perosa, S.R.L.*, 139 F.3d 98, 105 (2d Cir. 1998) ("[Standing alone,] mere advertising or promotion of a mark . . . is insufficient to constitute 'use' of the mark 'in commerce' . . . ."); *La Societe Anonyme des Parfums le Galion v. Jean Patou, Inc.*, 495 F.2d 1265, 1272 (2d Cir. 1974) ("[A] meager trickle of business [does not] constitute[] the kind of bona fide use intended to afford a basis for trademark protection."). Thus, the district court correctly granted summary judgment on Gameologist's claim for trademark infringement.[1]

---

[1]Scientific's use of the word "bling" on lottery tickets did not infringe Gameologist's registered trademarks. No reasonable jury could find that consumers would likely confuse Scientific's lottery tickets with Gameologist's online game and board game. *See generally Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492, 495 (2d Cir. 1961).

The district court also correctly granted summary judgment on Gameologist's state-law claims. Gameologist argues that the district court erred when it granted summary judgment on its claims for misappropriation,[2] unjust enrichment, and *quantum meruit*. In particular, Gameologist challenges the district court's conclusion that "there is no evidence that the plaintiff provided anything of value to the defendants or that the defendants accepted services from the plaintiff." *Gameologist Grp., LLC v. Scientific Games Int'l, Inc.*, 838 F. Supp. 2d 141, 167 (S.D.N.Y. 2011). The history of the parties' dealings rebuts Gameologist's challenge. Scientific first incorporated the word "bling" into a lottery ticket in March 2007, approximately three years after Gameologist agreed to cancel its licensing agreement with Scientific's subsidiary. Gameologist's failure to capitalize on its insights between April 2004 and March 2007 refutes the suggestion that Scientific derived any benefit from its subsidiary's previous access to those insights. Thus, Gameologist conferred no cognizable benefit on Scientific in April 2004, and the district court correctly granted summary judgment on the claims for misappropriation, unjust enrichment, and *quantum meruit*. *See Revson v. Cinque & Cinque, P.C.*, 221 F.3d 59, 69 (2d Cir. 2000) (identifying "the acceptance of services" as an element of a *quantum meruit* claim); *ITC Ltd. v. Punchgini, Inc.*, 880 N.E.2d 852, 858 (N.Y. 2007) (requiring a showing that the defendant misappropriated plaintiff's skill, expenditures, and labors); *Old Republic Nat'l Title Ins. Co. v. Luft*, 859 N.Y.S.2d 261, 262 (2d Dep't 2008) (summary order) (requiring a showing that the defendant was unjustly enriched).

---

[2]Misappropriation is one of two theories on which Gameologist attempts to base its claim for unfair competition. New York courts also recognize another theory of unfair competition, namely, palming off. *ITC Ltd. v. Punchgini, Inc.*, 880 N.E.2d 852, 858 (N.Y. 2007). Gameologist cannot base its claim for unfair competition on a theory of palming off for the same reasons that it cannot pursue a claim for trademark infringement. *W.W.W. Pharm. Co., Inc. v. Gillete Co.*, 984 F.2d 567, 576 (2d Cir. 1993) (requiring a plaintiff to show actual confusion or likelihood of confusion), *superseded on other grounds by Deere & Co. v. MTD Prods., Inc.*, 41 F.3d 39 (2d Cir. 1994).

Finally, the district court correctly granted summary judgment on Gameologist's claim for breach of contract. Gameologist entered into a licensing agreement with Scientific's subsidiary, rather than with Scientific, and Gameologist has not identified any evidence that would justify disregarding the corporate form. *See Morris v. N.Y. State Dep't of Taxation & Fin.*, 623 N.E.2d 1157, 1160-61 (N.Y. 1993) (requiring plaintiff to show that parent corporation dominated the subsidiary in order "to commit a fraud or wrong against the plaintiff").

We have considered Gameologist's remaining arguments and find them to be without merit. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK