13-60-cv
Barney Shiotani v. Charles Walters, et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of February, two thousand fourteen.

Present:
 ROBERT D. SACK,
 PETER W. HALL,
 DEBRA ANN LIVINGSTON,
  *Circuit Judges*.

---

BARNEY SHIOTANI,

  *Plaintiff–Appellant*,

  v.  No. 13-60-cv

CHARLES WALTERS, JUANITA WALTERS,

  *Defendants–Appellees*,

  – and –

NATIONAL MUSEUM OF CATHOLIC ART AND HISTORY,

  *Defendant*.

---

FOR APPELLANT:  Robert E. Goldman (John A. Wait, Oksana G. Wright, Fox Rothschild LLP, New York, NY, *on the brief*), Robert E. Goldman LLC, Fountainville, PA.

FOR APPELLEES:          Malcolm S. Taub, Davidoff Hutcher & Citron LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Sullivan, *J*.).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiff–Appellant Barney Shiotani appeals from the district court's order granting Defendants–Appellees Charles and Juanita Walters' motion for summary judgment and dismissing his claim to a painting, entitled "The Betrayal of Christ," attributed to the 17th Century Flemish artist Sir Anthony Van Dyck. Shiotani commenced this action sounding in replevin and conversion under New York law in an effort to recover from the Walters the painting, which he claims rightfully belongs to him. On appeal, Shiotani argues that there is a genuine dispute as to who had rightful ownership of the painting in 1985 and whether he was assigned the ownership interest in the painting through a subsequent bankruptcy proceeding. He also argues that the district court erred when it held that his claims were barred by the doctrine of laches. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

"We review a grant of summary judgment *de novo*." *Cariou v. Prince*, 714 F.3d 694, 704 (2d Cir. 2013). "In reviewing a summary judgment decision, we apply the same standards applied by the district court. Under this standard, summary judgment may be granted only if 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.' In determining whether there is a genuine dispute as to a material fact, we must resolve all ambiguities and draw all inferences against the moving party." *Marvel Characters,*

*Inc. v. Kirby*, 726 F.3d 119, 135 (2d Cir. 2013) (quoting Fed. R. Civ. P. 56(a), other internal quotation marks and citations omitted).

Under New York law, claims sounding in replevin and conversion place the burden on the plaintiff to establish that his right of ownership in the property is superior to that of the defendants. *See, e.g.*, *Nissan Motor Acceptance Corp. v. Scialpi*, 944 N.Y.S.2d 160, 161–62 (2d Dep't 2012); *see also Colavito v. N.Y. Organ Donor Network, Inc.*, 8 N.Y.3d 43, 49–50 (2006); *and see generally Sinnott v. Feiock*, 165 N.Y. 444, 445–46 (1901). Shiotani's claim of superior right derives from the 1985 bankruptcy of American Resources Limited ("ARL"). He asserts that there is a genuine dispute as to whether ARL owned the painting at the time it entered bankruptcy, and that through the bankruptcy, as reflected in the bankruptcy court's order confirming the settlement of the estate, he obtained ARL's interest in the painting. We disagree. As the district court explained, the undisputed evidence does not support such a contention.

The parties do not dispute that an art broker, Raymond Verveckken, purchased the painting in 1982 while operating an entity named Lalique Art Galleries, Inc. Evidence supporting the purchase by Lalique includes checks signed by Verveckken on behalf of Lalique and made out to the previous owners of the painting, as well as Verveckken's deposition describing his involvement in the transaction. Lalique's ownership is also reflected in a document executed after the sale. This document, an agreement relating to the proposed sale of the painting dated February 15, 1983, and signed by Shiotani, states that "Lalique Art Galleries, Inc., a Texas Corporation, is the owner of a certain original painting," identified as the Van Dyck. Although a security agreement dated March 14, 1982, states that "ARI [sic] possesses the right title and interest in [the painting] . . . to enable ARI [sic] to pledge and hypothecate so much of the interest, including the whole thereof," Verveckken also signed the agreement, thereby

"consent[ing] to and approv[ing] the provisions of said Agreement in its entirety" on his own behalf and as President and principal shareholder of Lalique. Shiotani urges us to rely solely on the 1982 Agreement as evidence of ARL's complete ownership of the painting, pointing out that ARL was not a party to the 1983 Agreement and arguing that the 1983 Agreement was fraudulently induced. Based on these documents, there is not sufficient evidence for a reasonable juror to conclude that ARL owned the painting at the time of its bankruptcy, *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), especially when the bankruptcy trustee found ARL's ownership interest "questionable" because corporate records did not suggest ARL acquired the painting, nor was the painting identified on any corporate ledgers.

Shiotani argues that Curtis Bernhardt underwrote the purchase of the painting and therefore owned the painting when the gallery purchased it with his funds. Shiotani further argues that Bernhardt, given his roles at Lalique and ARL, had the "right and ability to provide the Painting to his company, ARL, as an asset of the company." Appellant's Br. at 19. The district court correctly noted, however, that Bernhardt was never listed as an officer or director of either Lalique or ARL. Shiotani fails to produce admissible evidence such that a reasonable juror could find that Bernhardt conveyed ownership of the painting to ARL. Without sufficient evidence for a reasonable juror to find that ARL, in fact, had title to the painting, Shiotani cannot demonstrate that he obtained a cognizable right of ownership through his later assumption of ARL's interests.

We have considered Shiotani's remaining arguments and find them to be without merit. The judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4