15-408-cv
*Harbinger Capital Partners LLC, et al. v. Deere & Company et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of December, two thousand fifteen.

PRESENT:   ROBERT D. SACK,
           DENNY CHIN,
           RAYMOND J. LOHIER, JR.,
                *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

HARBINGER CAPITAL PARTNERS LLC, HARBINGER
CAPITAL PARTNERS II LP, HARBINGER CAPITAL
PARTNERS MASTER FUND I, LTD., HARBINGER
CAPITAL PARTNERS SPECIAL SITUATIONS FUND, LP,
HARBINGER CAPITAL PARTNERS SPECIAL
SITUATIONS GP, LLC, HGW GP, LTD, HGW HOLDING
COMPANY, LP, HGW US GP CORP., HGW US
HOLDING COMPANY, LP, CREDIT DISTRESSED
BLUE LINE MASTER FUND, LTD, GLOBAL
OPPORTUNITIES BREAKAWAY LTD.,
                *Plaintiffs-Appellants,*

SOL PRIVATE CORP.,
                    *Plaintiff*,


            v.                                          15-408-cv


DEERE & COMPANY, GARMIN INTERNATIONAL,
INC., TRIMBLE NAVIGATION LIMITED,
UNITED STATES GPS INDUSTRY COUNCIL,
                    *Defendants-Appellees*,


COALITION TO SAVE OUR GPS,
                    *Defendant*.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| FOR PLAINTIFFS-APPELLANTS: | DAVID M. FRIEDMAN, Marc E. Kasowitz, Daniel R. Benson, Christine A. Montenegro, Kasowitz, Benson, Torres & Friedman LLP, New York, New York; Gary M. Elden, Todd C. Jacobs, Daniel M. Hinkle, Shook, Hardy & Bacon, LLP, Chicago, IL. |
| FOR DEFENDANT-APPELLEE DEERE & COMPANY: | Kenneth I. Schacter, Ari M. Selman, Morgan, Lewis & Bockius LLP, New York, NY. |
| FOR DEFENDANT-APPELLEE GARMIN INTERNATIONAL, INC.: | MEIR FEDER, Phillip Le B. Douglas, Ian Samuel, Jones Day, New York, New York; Michael D. Hays, Cooley LLP, Washington, D.C. |
| FOR DEFENDANT-APPELLEE TRIMBLE NAVIGATION LIMITED: | William A. Isaacson, J. Wells Harrell, Boies, Schiller & Flexner LLP, Washington, D.C.; Stuart H. Singer, Boies, Schiller & Flexner LLP, Fort Lauderdale, FL. |

FOR DEFENDANT-APPELLEE UNITED STATES GPS INDUSTRY COUNCIL:

Steven R. Schindler, Schindler Cohen & Hochman LLP, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Berman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants (collectively "Harbinger") appeal from a judgment entered on February 10, 2015, by the United States District Court for the Southern District of New York (Berman, *J.*), dismissing Harbinger's third amended complaint (the "Complaint"). Harbinger asserted securities fraud and related claims under federal and state law. The district court explained its reasoning in a memorandum and order filed February 5, 2015. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Harbinger, an investment fund, invested in LightSquared, Inc. ("LightSquared"), a company that sought to develop a new wireless broadband communications network. Three of the Defendants-Appellees (the "Manufacturer Defendants") are manufacturers and sellers of global positioning system ("GPS") devices, which are dependent on the use of wireless spectrum. The remaining Defendant-Appellee is a nonprofit corporation that serves as an advocate for the GPS industry. In the Complaint, Harbinger alleged, *inter alia*, that Manufacturer Defendants

3

deliberately designed their GPS receivers to experience "overload interference" from out-of-band receptions ("OOBR") that would render the receivers ineffective and that defendants fraudulently concealed and misrepresented this fact even though they were aware that LightSquared's plan to develop its new wireless network would cause such OOBR interference. The district court below dismissed the Complaint in its entirety under Federal Rules of Civil Procedure 12(b)(6) and 9(b).

We review the district court's dismissal of the Complaint for failure to state a claim *de novo*. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Any complaint alleging securities fraud must satisfy the heightened pleading requirements of the [Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(b),] and Fed. R. Civ. P. 9(b) by stating with particularity the circumstances constituting fraud." *ECA & Local 134 IBEW Joint Pension Tr. of Chi. v. JP Morgan Chase Co.*, 553 F.3d 187, 196 (2d Cir. 2009).

A. Fraud

The district court held that Harbinger lacked standing to sue under § 10(b) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78j(b), and Securities and Exchange Commission Rule 10b-5 ("Rule 10b-5"), 17 C.F.R. § 240.10b-5, because the connection between defendants' omissions and Harbinger's investment was "too remote

4

to sustain an action." *LightSquared Inc. v. Deere & Co.*, Nos. 13 Civ. 8157 (RMB), 13 Civ. 5543 (RMB), 2015 WL 585655, at *18 (S.D.N.Y. Feb. 5, 2015) (quoting *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 102 (2d Cir. 2007)). Harbinger argues that because "[d]efendants' omissions directly concerned LightSquared," there is a direct causal link between the fraud and the investment. Appellants' Br. 44. There is no relevant difference between Harbinger and the plaintiffs in *Nortel Networks*. *See Ontario Pub. Serv. Emps. Union Pension Tr. Fund v. Nortel Networks Corp.*, 369 F.3d 27, 29-34 (2d Cir. 2004). Harbinger purchased LightSquared's stock based on LightSquared's "optimistic projections" about the feasibility of its plan given defendants' alleged failure to disclose their receivers' design issues for their own business reasons. *See id.* at 29. Accordingly, just as in *Nortel Networks*, the connection between defendants' omissions about the shortcomings of its receivers and Harbinger's purchase of LightSquared's stock was "too remote to sustain an action" under § 10(b) and Rule 10b-5. *In re NYSE Specialists Sec. Litig.*, 503 F.3d at 102. Harbinger therefore lacks statutory standing to pursue its federal securities fraud claim here.

Moreover, Harbinger has failed to adequately plead fraud. Under both federal and New York law, an omission is actionable only if the defendant had a duty to disclose. *See SEC v. DiBella*, 587 F.3d 553, 563 (2d Cir. 2009) ("Under section 10(b) and Rule 10b-5, an omission is actionable under the securities laws only when the buyer is subject to a duty to disclose the omitted facts." (internal quotation marks omitted));

5

*Nissan Motor Acceptance Corp. v. Scialpi*, 94 A.D.3d 1067, 1067 (2d Dep't 2012) ("Where the fraud claim at issue is based on an omission or concealment of a material fact, the plaintiff must demonstrate that the defendant had a duty to disclose material information and failed to do so.").

"New York recognizes a duty by a party to a business transaction to speak in three situations: first, where the party has made a partial or ambiguous statement, on the theory that once a party has undertaken to mention a relevant fact to the other party it cannot give only half of the truth; second, when the parties stand in a fiduciary or confidential relationship with each other; and third, 'where one party possesses superior knowledge, not readily available to the other, and knows that the other is acting on the basis of mistaken knowledge.'" *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993) (citations omitted) (quoting *Aaron Ferer & Sons Ltd. v. Chase Manhattan Bank, N.A.*, 731 F.2d 112, 123 (2d Cir. 1984)). Similarly, under Rule 10b-5, a duty to disclose "may arise when there is 'a corporate insider trad[ing] on confidential information,' a 'statute or regulation requiring disclosure,' or a corporate statement that would otherwise be 'inaccurate, incomplete, or misleading.'" *Stratte-McClure v. Morgan Stanley*, 776 F.3d 94, 101 (2d Cir. 2015) (alteration in original) (quoting *Glazer v. Formica Corp.*, 964 F.2d 149, 157 (2d Cir. 1992)).

As the district court pointed out, "Harbinger fails to allege that it had **any** relationship with Defendants, let alone a 'special relationship of trust or confidence.'"

6

*LightSquared*, 2015 WL 585655, at *19. The Complaint does not allege that Harbinger engaged in commercial dealings with defendants, or that defendants had a fiduciary relationship with Harbinger, or that defendants made a partial or ambiguous statement that required additional disclosure to avoid misleading Harbinger. The only time Harbinger alleged that defendants directly communicated with a representative of Harbinger was at the ITU working group meeting. There, Harbinger merely alleged that, in response to a prompt to "provide information to address any concerns regarding the potential for the GPS receivers to experience OOBR as a result of transmissions from the LightSquared Band," "none of the Defendants raised any OOBR issues related to the proposed LightSquared network." Joint App'x 124-25.

Harbinger also seeks to rely on the superior knowledge doctrine, but the reliance is misplaced. "[A] duty to disclose due to one party's superior knowledge . . . ordinarily arises only in the context of business negotiations where parties are entering a contract." *Ray Larsen Assocs., Inc. v. Nikko Am., Inc.*, No. 89 Civ. 2809 (BSJ), 1996 WL 442799, at *5 (S.D.N.Y. Aug. 6, 1996). Harbinger was not engaged in business negotiations with any of the defendants, and defendants had no obligation to disclose information regarding OOBR inference on the basis of their purported superior knowledge.

7

We agree with the district court that Harbinger has failed to state a claim for securities fraud under § 10(b) or Rule 10b-5, or a state law claim under New York law for fraud.

B.      Control Person Liability

Harbinger appeals the district court's dismissal of its control-person liability claim under § 20(a) of the Exchange Act. "To establish a prima facie case of control person liability, a plaintiff must show (1) a primary violation by the controlled person, (2) control of the primary violator by the defendant, and (3) that the defendant was, in some meaningful sense, a culpable participant in the controlled person's fraud." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 108 (2d Cir. 2007). Because Harbinger did not adequately plead a primary violation under § 10(b) and Rule 10b-5, its control-person liability claims cannot be sustained, and the district court properly dismissed this claim.

C.      Negligent Misrepresentation

Harbinger's negligent misrepresentation claim fails for substantially the same reasons that the fraud claim fails. "[L]iability for negligent misrepresentation has been imposed only on those persons who possess unique or specialized expertise, or who are in a special position of confidence and trust with the injured party such that reliance on the negligent misrepresentation is justified." *Kimmell v. Schaefer*, 89 N.Y.2d

8

257, 263 (1996). Again, as the district court pointed out, Harbinger did not allege that it had any relationship with defendants. *See LightSquared*, 2015 WL 585655, at *19.

D.     Section 349 of the New York General Business Law

Harbinger argues that the district court erred by dismissing its claim for deceptive business practices under Section 349(a) of the New York General Business Law. The district court properly dismissed this claim because, in this context, the defendants' alleged omissions "d[id] not constitute consumer-oriented conduct." *See N.Y. Univ. v. Cont'l Ins. Co.*, 87 N.Y.2d 308, 320-21 (1995).

E.     Equitable Estoppel

Harbinger appeals the district court's dismissal of its equitable estoppel claim. Equitable estoppel "precludes a party at law and in equity from denying or asserting the contrary of any material fact which he has induced another to believe and to act on in a particular manner." *Holm v. C.M.P. Sheet Metal, Inc.*, 89 A.D.2d 229, 234 (4th Dep't 1982). Contrary to Harbinger's assertions, equitable estoppel "does not operate to create rights otherwise nonexistent; it operates merely to preclude the denial of a right claimed otherwise to have arisen." *Id.* Given that Harbinger's claims have failed on their merits, there are no defenses that defendants can be estopped from pursuing. Therefore, the district court properly dismissed this claim.

\* \* \*

9

We have reviewed Harbinger's remaining arguments and conclude they are without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk