Mehmedovic v Xhrretovic (2020 NY Slip Op 08055)





Mehmedovic v Xhrretovic


2020 NY Slip Op 08055


Decided on December 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2019-00686
 (Index No. 1580/12)

[*1]Samih Mehmedovic, appellant, 
v
Samir Xhrretovic, etc., et al., respondents, et al., defendant.


Kevin T. Conway, Spring Valley, NY, for appellant.
Adam K. Kurland, New City, NY, for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for unjust enrichment, the plaintiff appeals from an order of the Supreme Court, Rockland County (Rolf M. Thorsen, J.), dated November 26, 2018. The order, insofar as appealed from, granted that branch of the motion of the defendants Samir Xhrretovic and Xhavdet Xhurretovic which was for summary judgment dismissing the cause of action alleging unjust enrichment insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
As is relevant to this appeal, in 2012, the plaintiff commenced this action against, among others, the defendants Samir Xhrretovic and Xhavdet Xhurretovic (hereinafter together the defendants), to recover damages for breach of contract, fraud, conversion, and unjust enrichment in connection with a real estate transaction. The defendants moved, inter alia, for summary judgment dismissing the cause of action alleging unjust enrichment insofar as asserted against them. In an order dated November 26, 2018, the Supreme Court, among other things, granted that branch of the defendants' motion. The plaintiff appeals.
"To prevail on a claim of unjust enrichment, a party must show that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered" (Old Republic Natl. Tit. Ins. Co. v Luft, 52 AD3d 491, 491-492; see Nissan Motor Acceptance Corp. v Scialpi, 94 AD3d 1067, 1068). Here, the defendants made a prima facie showing that they were not unjustly enriched at the plaintiff's expense (see Nissan Motor Acceptance Corp. v Scialpi, 94 AD3d at 1068; Old Republic Natl. Tit. Ins. Co. v Luft, 52 AD3d at 492). The plaintiff's submissions in opposition, including the affidavits of two nonparties setting forth only bare statements of alleged wrongdoing by the defendants, failed to raise a triable issue of fact as to whether the defendants have been unjustly enriched at the plaintiff's expense (see Nissan Motor Acceptance Corp. v Scialpi, 94 AD3d at 1068).
Accordingly, we agree with the Supreme Court's determination granting that branch of the defendants' motion which was for summary judgment dismissing the unjust enrichment cause of action insofar as asserted against them.
SCHEINKMAN, P.J., DILLON, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court