Keane v Keane (2021 NY Slip Op 02284)





Keane v Keane


2021 NY Slip Op 02284


Decided on April 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2020-02136 
2020-04609
 (Index No. 50975/18)

[*1]Christopher P. Keane, Jr., appellant,
v
Kristine Keane, et al., respondents.


Keane & Marlowe LLP, New York, NY (Mary Ann C. Marlowe of counsel), for appellant.
McCabe & Mack, LLP, Poughkeepsie, NY (Richard R. DuVall and Trevor J. Halsey of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to impose a constructive trust on real property, the plaintiff appeals from (1) an order of the Supreme Court, Dutchess County (Maria G. Rosa, J.), dated February 3, 2020, and (2) a judgment of the same court dated June 4, 2020. The order granted those branches of the defendants' motion which were for summary judgment dismissing the complaint and on their first counterclaim, and denied the plaintiff's cross motion for summary judgment on the first, second, and fourth causes of action. The judgment, insofar as appealed from, upon the order, is in favor of the defendants and against the plaintiff dismissing the complaint and on the defendants' first counterclaim, declaring their remainder interest in the subject properties.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
The plaintiff and his wife, now deceased (hereinafter the decedent), purchased, as relevant here, five properties in Amenia, New York, during their marriage. All of the properties were either purchased in the decedent's name or conveyed to the decedent. According to the plaintiff, this was done to "protect the couple from any potential liabilities that might arise" by virtue of the plaintiff's business ventures and law practice.
In 2014, the decedent executed the operative will, devising the plaintiff a life estate in all of the subject properties with the remainder interests going to the defendants, who are the plaintiff's nephew and his wife. After the decedent died and the plaintiff allegedly learned for the first time of the contents of the decedent's will, the plaintiff commenced the instant action against [*2]the defendants alleging unjust enrichment, seeking to impose a constructive trust on the subject properties, and for a declaration pursuant to RPAPL article 15 of his fee simple ownership interest in the properties, or alternatively, seeking an equitable lien. The defendants answered the complaint and asserted, inter alia, a counterclaim (hereinafter the first counterclaim) to declare pursuant to RPAPL article 15 their remainder interest in the subject properties.
The defendants subsequently moved for summary judgment dismissing the complaint and on their first counterclaim. The plaintiff cross-moved for summary judgment on the causes of action alleging unjust enrichment, to impose a constructive trust upon the properties, and for a declaration pursuant to RPAPL article 15 of his fee simple interest. By order dated February 3, 2020, the Supreme Court granted the defendants' motion for summary judgment dismissing the complaint and on their first counterclaim, and denied the plaintiff's cross motion. Thereafter, judgment was entered upon the order, inter alia, in favor of the defendants and against the plaintiff, dismissing the complaint and declaring the defendants' remainder interest in the properties. The plaintiff appeals.
Generally, a constructive trust may be imposed when "'property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest'" (Sharp v Kosmalski, 40 NY2d 119, 121, quoting Beatty v Guggenheim Exploration Co., 225 NY 380, 386). To impose a constructive trust upon real property, a plaintiff must prove (1) a confidential or fiduciary relationship, (2) a promise, express or implied, (3) a transfer in reliance on that promise, and (4) unjust enrichment (see Sharp v Kosmalski, 40 NY2d at 121; Matter of Azzinaro, 13 AD3d 618). "However, the four factors are not an 'unyielding formula which limits a court's freedom to fashion this equitable remedy' and the requirements are not to be rigidly applied" (Byrd v Brown, 208 AD2d 582, 583, quoting Bontecou v Goldman, 103 AD2d 732, 733).
Here, the defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the cause of action to impose a constructive trust and on their counterclaim for a declaration of their remainder interest in the property. The defendants demonstrated, prima facie, through disclosed email communications between the plaintiff, the decedent, and the decedent's lawyer, as well as the decedent's prior will, which was consistent with the 2014 will, that no promise, express or implied, was made by the decedent to the plaintiff that the plaintiff would obtain fee ownership of the properties, as opposed to a life estate, upon the decedent's death. To the contrary, the evidence established that the decedent long contemplated that the plaintiff would receive life estates. Further, the defendants demonstrated that neither the transfer of property into the decedent's name nor acquisition of the properties in her name was done in reliance upon any express or implied promise of future fee ownership.
In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff is correct that certain of his evidence which would be barred at trial by CPLR 4519 can be considered in opposition to the defendants' motion (see Kuznitz v Funk, 187 AD3d 1006, 1008). The plaintiff additionally offered evidence that large expenditures of marital funds, in the form of his earnings, were made to improve the properties and that his name was included on certain mortgages. However, such expenditures have been, and will continue to be, to his benefit, as during the course of his lifetime he has resided in the marital home and collected rent from the other investment properties, and can continue to do so until his death (see Henning v Henning, 103 AD3d 778, 780). Accordingly, the Supreme Court properly dismissed the cause of action to impose a constructive trust and declared that the defendants have a remainder interest in the subject properties.
The Supreme Court properly dismissed the cause of action alleging unjust enrichment. "'To prevail on a claim of unjust enrichment, a party must show that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered'" (Mehmedovic v Xhrretovic, 189 AD3d 1573, 1574, quoting Old Republic Natl. Tit. Ins. Co. v Luft, 52 AD3d 491, 491-492). The defendants made a prima facie showing that they were not unjustly enriched at the plaintiff's expense, and the plaintiff failed to raise a triable issue of fact in opposition (see Mehmedovic v Xhrretovic, 189 AD3d at 1574).
The Supreme Court also properly dismissed the cause of action to impose an equitable lien. "'An equitable lien may be granted in favor of a person who, due to the nature of his or her relationship with a property owner, has relied upon that owner's unfulfilled promise to convey the property, and as a result has expended funds to preserve or improve it in anticipation of the conveyance'" (Rock v Rock, 100 AD3d 614, 617, quoting Fallica v Manzolillo, 210 AD2d 660, 661). The defendants demonstrated, prima facie, that no such promise to convey a fee simple interest in the property was made, and that the expenditures, from which the plaintiff has benefitted and will continue to benefit throughout his life, were not made in reliance upon any such promise. In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, we affirm the judgment insofar as appealed from.
In light of our determination, the parties' remaining contentions need not be reached.
CHAMBERS, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court