Carroccio v Camia (2025 NY Slip Op 07275)

Carroccio v Camia

2025 NY Slip Op 07275

Decided on December 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
VALERIE BRATHWAITE NELSON
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2021-02553
 (Index No. 102307/12)

[*1]Ronald P. Carroccio, etc., et al., respondents,
vCosmo Camia, et al., defendants, Saveria Camia, et al., appellants.

John M. Dalton, Staten Island, NY, for appellant Saveria Camia.
Goldberg Segalla LLP, Buffalo, NY (Meghan M. Brown and Ryan G. Pitman of counsel), for appellant Payment Alliance International, Inc.
Edward Weissman, New York, NY (Jan Marcantonio of counsel), for appellants E-Z Money ATM Services Corp. and Frank Ercole.
Scamardella, Gervasi & Kasegrande, P.C., Staten Island, NY (Michael V. Gervasi of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and unjust enrichment, the defendant Saveria Camia, the defendant Payment Alliance International, Inc., and the defendants E-Z Money ATM Services Corp. and Frank Ercole separately appeal from an order of the Supreme Court, Richmond County (Lizette Colon, J.), dated March 16, 2021. The order denied those branches of those defendants' separate motions which were for summary judgment dismissing the second amended complaint insofar as asserted against each of them.
ORDERED that the order is reversed, on the law, with one bill of costs to the appellants appearing separately and filing separate briefs, and those branches of the separate motions of the defendant Saveria Camia, the defendant Payment Alliance International, Inc., and the defendants E-Z Money ATM Services Corp. and Frank Ercole which were for summary judgment dismissing the second amended complaint insofar as asserted against each of them are granted.
The plaintiff Ronald P. Carroccio was an owner of the plaintiff Cash on the Spot ATM Services, LLC (hereinafter COTS). COTS operated a network of ATMs located at various businesses. The plaintiffs commenced this action alleging, inter alia, that the defendant Cosmo Camia, who was also an owner of COTS, sold COTS to the defendants E-Z Money ATM Services Corp. and Frank Ercole (hereinafter together the E-Z Money defendants) without permission and without compensating Carroccio. The second amended complaint, among other things, asserted (1) causes of action against the E-Z Money defendants alleging unjust enrichment, conversion, and fraud, (2) causes of action against the defendant Saveria Camia alleging unjust enrichment, conversion, and fraud, and (3) causes of action against the defendant Payment Alliance International, Inc. (hereinafter PAI), alleging breach of contract and negligence. Thereafter, the E-Z Money defendants, Saveria Camia, and PAI separately moved, inter alia, for summary judgment dismissing [*2]the second amended complaint insofar as asserted against each of them. In an order dated March 16, 2021, the Supreme Court denied those branches of the separate motions. The E-Z Money defendants, Saveria Camia, and PAI separately appeal.
"To prevail on a claim of unjust enrichment, a party must show that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered" (Old Republic Natl. Tit. Ins. Co. v Luft, 52 AD3d 491, 491-492; see Columbia Mem. Hosp. v Hinds, 38 NY3d 253, 275). Here, the E-Z Money defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging unjust enrichment insofar as asserted against them by demonstrating that they were not unjustly enriched at the plaintiffs' expense (see Nissan Motor Acceptance Corp. v Scialpi, 94 AD3d 1067, 1068; Old Republic Natl. Tit. Ins. Co. v Luft, 52 AD3d at 492). In opposition, the plaintiffs' bare statements of alleged wrongdoing by the E-Z Money defendants failed to raise a triable issue of fact (see Mehmedovic v Xhrretovic, 189 AD3d 1573, 1574).
Saveria Camia also established her prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging unjust enrichment insofar as asserted against her, as her connection with the plaintiffs was "too attenuated" and there is no indication that she had a relationship with the plaintiffs that could have caused reliance or inducement on the plaintiffs' part (Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182; see Crescimanni v Trovato, 162 AD3d 849, 851). In opposition, the plaintiffs failed to raise a triable issue of fact.
"A conversion takes place when someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else, interfering with that person's right of possession" (Colavito v New York Organ Donor Network, Inc., 8 NY3d 43, 49-50; see Westbury Recycling, Inc. v Westbury Transfer & Recycling, LLC, 209 AD3d 929, 932). Here, Saveria Camia and the E-Z Money defendants each demonstrated, prima facie, that they had not exercised unauthorized dominion over the plaintiffs' money or personal property (see Jaybar Realty Corp. v Armato, 175 AD3d 1391, 1394). In opposition, the plaintiffs failed to raise a triable issue of fact.
"The elements of a cause of action to recover damages for fraud are (1) a misrepresentation or a material omission of fact which was false, (2) knowledge of its falsity, (3) an intent to induce reliance, (4) justifiable reliance by the plaintiff, and (5) damages" (Fox Paine & Co., LLC v Houston Cas. Co., 153 AD3d 673, 677; see Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559). "Where a cause of action or defense is based upon . . . fraud . . . the circumstances constituting the wrong shall be stated in detail" (CPLR 3016[b]). Here, Saveria Camia and the E-Z Money defendants demonstrated, prima facie, that the plaintiffs did not rely on a misrepresentation made by either of them (see Kugel v Reynolds, 228 AD3d 743, 751-752). In opposition, the plaintiffs failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted those branches of the separate motions of Saveria Camia and the E-Z Money defendants which were for summary judgment dismissing the second amended complaint insofar as asserted against each of them.
The Supreme Court also should have granted that branch of PAI's motion which was for summary judgment dismissing the second amended complaint insofar as asserted against it. PAI established its prima facie entitlement to judgment as a matter of law dismissing the cause of action to recover damages for breach of contract insofar as asserted against it by demonstrating that it performed in accordance with the terms of its contract with Cosmo Camia and, thus, did not breach any of the contract's terms. In opposition, the plaintiffs failed to raise a triable issue of fact.
PAI also established its entitlement to judgment as a matter of law dismissing the cause of action alleging negligence insofar as asserted against it, since that cause of action failed to allege conduct giving rise to a breach of a legal duty independent of PAI's contract with Cosmo Camia (see Countrywide Home Loans, Inc. v United Gen. Tit. Ins. Co., 109 AD3d 953, 954). In [*3]opposition, the plaintiffs failed to raise a triable issue of fact as to whether PAI breached a duty of care owed to them.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
LASALLE, P.J., BRATHWAITE NELSON, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court